# United States Court of Appeals for the Federal Circuit

2007-7239

HAROLD D. SAVITZ,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Sandra W. Wischow, Goodman Allen & Filetti PLLC, of Richmond, Virginia, argued for claimant-appellant.

Tara K. Hogan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director. Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Martin J. Sendek, Attorney, United States Department of Veterans Affairs, of Washington, DC. Of counsel was Michael J. Timinski, Attorney.

Appealed from: United States Court of Appeals for Veterans Claims

Judge Alan G. Lance, Sr.

# United States Court of Appeals for the Federal Circuit

2007-7239

HAROLD D. SAVITZ

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 05-1470, Judge Alan G. Lance, Sr.

_____

DECIDED:  March 6, 2008
_____

Before MAYER, BRYSON, and GAJARSA, Circuit Judges.

BRYSON, Circuit Judge.

Appellant Harold Savitz appeals from the decision of the Court of Appeals for Veterans Claims ("the Veterans Court"), in which the court affirmed a decision of the Board of Veterans' Appeals denying Mr. Savitz an earlier effective date for service connection for a foot condition.  In light of our recent decision in Rios v. Nicholson, 490 F.3d 928 (Fed. Cir. 2007), we reverse and remand.

I

Mr. Savitz served on active duty in the United States Army from July 18, 1944, to December 4, 1945.  For three months of that period, during the winter of 1944-45, he

was a prisoner of war and was confined in a German P.O.W. camp. In December 1945, Mr. Savitz submitted to the Veterans Administration ("VA") a claim for service connection for frozen feet and malnutrition. On April 30, 1946, the VA denied his claim in a letter that informed him of his right to appeal the decision within one year. During the course of the next 46 years, Mr. Savitz had various contacts with the VA, but none of those contacts involved his claim for frozen feet. The VA has no record of a timely appeal by Mr. Savitz of the 1946 denial of service connection.

In August 1992, Mr. Savitz sought to reopen his claim for service connection for residuals of frozen feet and possible peripheral neuropathy. Mr. Savitz stated that he "suffer[s] from cold feet, especially in the winter, but occasionally will have trouble sleeping in the summer and must use a hot water bottle or a heater." The VA granted Mr. Savitz's claim for service connection for frozen feet and peripheral neuropathy in April 1993 and assigned an effective date of August 7, 1992, for the determination of service connection based on the agency's record of communication with Mr. Savitz on that issue.

Mr. Savitz then sought to obtain an earlier effective date for the determination of service connection. He contended that he had not allowed the VA's 1946 decision to become final because he had sent a timely letter to the VA seeking to appeal the 1946 decision. He argued that his 1946 letter served as a notice of disagreement with the 1946 decision and that the 1946 decision therefore never became final. Although the VA does not have the letter or any record of having received such a letter, Mr. Savitz presented two typed draft letters in support of his contention that he sent the notice of disagreement in 1946. One of the drafts is unsigned and undated and discusses the

substance of his appeal. The other is on the letterhead of an electrical company and is dated July 8, 1946, but is unsigned and cuts off after three lines. Mr. Savitz also submitted a copy of a letter and an accompanying envelope with a 1946 postmark from a fellow prisoner of war, Fred Raiford, who stated that he exchanged shoes with Mr. Savitz while they were prisoners of war in order to accommodate Mr. Savitz's swollen frozen feet. Mr. Savitz's position is that the letter from Mr. Raiford was a "buddy statement" that he offered in support of his claim in 1946.

The Board denied Mr. Savitz's claim for an earlier effective date for service connection, holding that he had failed to show that he had filed a timely notice of disagreement in response to the 1946 decision. The Board ruled that Mr. Savitz's effort to show that he timely submitted his notice of disagreement in 1946 was governed by 38 U.S.C. § 7105(b)(1), which provides that if a notice of disagreement is not received by the VA within one year, it will be accepted as timely filed if it is "postmarked before the expiration of the one-year period."

Based on section 7105, the Board concluded that there were only two ways in which Mr. Savitz could prove that he mailed a timely notice of disagreement for the 1946 denial of service connection: by a postmark showing a date within one year of the date of the decision, or by proof of actual receipt by the VA within that period. The Board found that the evidence submitted by Mr. Savitz did not include a postmarked letter to the VA or proof of receipt of the notice of disagreement by the VA prior to 1992. The Board then explained:

> Without a federal postmark or proof of actual receipt by the VA, there is no proof that the July 1946 letter and attachments were ever put into the post office or delivered to a postman until November 1992. The veteran has never proven that he put the July 1946 letter and attachments into the post

office or delivered them to the postman until November 1992. Since he has not proven that he put the letter into the post office or delivered them to the postman in 1946, it cannot be presumed that the July 1946 letter and attachments reached the VA in 1946.

The Veterans Court affirmed. Mr. Savitz argued that the court should apply the common law "mailbox rule," under which his notice of disagreement would be presumed to have been received by the VA if he could prove that he deposited the notice of disagreement into an authorized mailbox or otherwise placed it into the hands of U.S. Postal Service officials. The Veterans Court, however, held the common law "mailbox rule" inapplicable and held that the only way Mr. Savitz could prove a timely filing of his notice of disagreement was by satisfying the requirements of section 7105. The court then rejected Mr. Savitz's effort to show timely filing because he had failed to satisfy the requirements of section 7105, i.e., he had not shown that the VA had actually received the notice of disagreement within one year nor had he shown that his letter bore a postmark showing that the notice was mailed before the expiration of the one-year period.

This appeal followed.

II

In our recent decision in Rios v. Nicholson, 490 F.3d 928 (Fed. Cir. 2007), we held in another veterans case that the common law mailbox rule is not automatically abrogated by enactment of a statute providing a postmark date rule to determine date of receipt. Rios held that "if a letter properly directed is proved to have been either put into the post office or delivered to the postman, it is presumed, from the known course of business in the post office department, that it reached its destination at the regular time, and was received by the person to whom it was addressed." Rios, 490 F.3d at 931

(citing <u>Rosenthal v. Walker</u>, 111 U.S. 185, 193 (1884)).  We pointed out that the common law mailbox rule and the statutory postmark rule serve different purposes.  The latter establishes when a particular document is deemed to have been received, while the former establishes whether the document is presumed to have been received at all.

The government concedes that although <u>Rios</u> dealt with a different statutory provision, 38 U.S.C. § 7266, our analysis in <u>Rios</u> is equally applicable to the statute at issue in this case, 38 U.S.C. § 7105(b)(1), and we agree.  Nonetheless, the government contends that the Veterans Court's statements in this case rejecting the application of the mailbox rule constitute harmless error because "the [B]oard and the Veterans Court carefully evaluated the evidence Mr. Savitz presented to support his contention that he submitted a timely [notice of disagreement] in 1946.  The [B]oard carefully considered Mr. Savitz's assertion that he submitted a timely [notice of disagreement] in 1946 and concluded that Mr. Savitz's proffered evidence was insufficient to meet the presumption of the mailbox rule . . . ."  We disagree with the government's harmless error contention.

Both the Board and the Veterans Court appeared to view Mr. Savitz's claim that he timely filed his notice of disagreement through the perspective of the statutory "postmark rule" set forth in 38 U.S.C. § 7105(b)(1).  Thus, the Board stated that "[w]ithout a federal postmark or proof of actual receipt by the VA, there is no proof that the July 1946 letter and attachments were ever put into the post office or delivered to a postman until November 1992."  The Board appears to have concluded that the only way Mr. Savitz could establish that he mailed the notice of disagreement was by pointing to proof of a postmark or actual receipt.  That approach is contrary to the

mailbox rule, which creates a presumption of receipt upon proof that a particular document was placed in the custody of the Postal Service.

Similarly, the Veterans Court stated that, in light of the statutory postmark rule, "there is no evidence of [a notice of disagreement] filed or postmarked before the expiration of the one-year period." The Veterans Court did not analyze the evidence or the Board's opinion under the common law mailbox rule. For that reason, the conclusion of both the Board and the Court with regard to Mr. Savitz's failure of proof does not establish that the Board and Court would have viewed his proof as insufficient if they had applied the common law mailbox rule rather than the statutory "postmark" rule.

Because neither the Board nor the Veterans Court has addressed the issue of whether Mr. Savitz's evidence satisfies the common law mailbox rule and thus creates a presumption that his notice of disagreement was received by the VA in 1946, we reverse the decision of the Veterans Court and remand for further proceedings under the proper standard. Because application of the mailbox rule will likely require a factual determination as to the evidence of mailing in 1946, the Veterans Court may find it necessary to remand to the Board for new factual findings as to whether Mr. Savitz has made a sufficient showing to be entitled to the benefit of the common law mailbox rule. Although Mr. Savitz has requested that we make an independent determination that his evidence is sufficient to create a presumption of receipt under the mailbox rule, that is a factual determination that is not within our jurisdiction to make.

<u>REVERSED and REMANDED</u>.