NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HAROLD D. SAVITZ,**

*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2011-7174

---

Appeal from the United States Court of Appeals for Veterans Claims in Case No. 09-3842, Judge Alan G. Lance, Sr.

---

Decided: February 21, 2012

---

HAROLD D. SAVITZ, of Highland Park, Illinois, pro se.

DANIEL RABINOWITZ, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN F. HOCKEY, Assistant Director. Of counsel on the brief were

DAVID J. BARRANS, Deputy Assistant General Counsel, and AMANDA R. BLACKMON, Attorney, United States Veterans Affairs, of Washington, DC.

---

Before RADER, *Chief Judge*, NEWMAN AND PROST, *Circuit Judges*.

NEWMAN, *Circuit Judge*.

Mr. Harold D. Savitz appeals from the decision of the United States Court of Appeals for Veterans Claims (the Veterans Court)[1] affirming the decision of the Board of Veterans' Appeals denying his request for an effective date earlier than August 7, 1992 for service connection for residuals of frozen feet with nerve damage suffered as a prisoner of war in World War II.  We conclude that the Veterans Court correctly interpreted the common law mailbox rule, as a matter of law.  Findings of fact and the application of law to fact cannot be appealed to this court.  Thus the decision of the Veterans Court must be affirmed.

BACKGROUND

Mr. Savitz served on active duty in the United States Army, and during the winter of 1944-45 he was confined in a German P.O.W. camp.  Upon release from the Army in December 1945, Mr. Savitz submitted to the Veterans Administration (VA) a claim for service connection for frozen feet and malnutrition.  On April 30, 1946 the VA denied the claim, informing him of his right to appeal the decision to the Board of Veterans Appeals within one year.  Mr. Savitz states that in July 1946 he sent a letter indicating disagreement and intent to appeal that decision. The VA

---

[1]    *Savitz v. Shinseki*, No. 09-3842 (Vet. App. Apr. 20, 2011).

has no record of receiving such a letter.  Over the course of the next forty-six years, Mr. Savitz had contacts with various components of the VA on matters unrelated to his claim for injury due to frozen feet, although he states that there were continuing disabling effects.

On August 7, 1992 Mr. Savitz asked to reopen the claim for service connection for residuals of frozen feet and possible peripheral neuropathy.  The VA granted service connection in April 1993 and assigned an effective date of August 7, 1992.  In 1996 Mr. Savitz requested an earlier effective date.  He stated that he had sent a timely letter to the VA in July 1946, seeking to appeal the April 30, 1946 decision.  He states that this 1946 letter served as a Notice of Disagreement with the 1946 decision and that the 1946 decision therefore never became final.  The Regional Office denied the claim in 1997.  Following a series of appeals and remands, in 2005 the Board of Veterans Appeals denied Mr. Savitz's request for an earlier effective date.  The Veterans Court affirmed that decision in 2007.  This Court remanded, stating:

> Because neither the Board nor the Veterans Court has addressed the issue of whether Mr. Savitz's evidence satisfies the common law mailbox rule and thus creates a presumption that his notice of disagreement was received by the VA in 1946, we reverse the decision of the Veterans Court and remand for further proceedings under the proper standard.  Because application of the mailbox rule will likely require a factual determination as to the evidence of mailing in 1946, the Veterans Court may find it necessary to remand to the Board for new factual findings as to whether Mr. Savitz has made a sufficient showing to be entitled to the benefit of the common law mailbox rule.

*Savitz v. Peake*, 519 F.3d 1312, 1315-16 (Fed. Cir. 2008). On further remand from the Veterans Court in 2009, the Board of Veterans Appeals recognized that:

> [T]he Federal Circuit determined that the common law "mailbox rule" would be applicable to this case if the Veteran could prove that he deposited the notice of disagreement into an authorized mailbox or otherwise placed it into the hands of U.S. Postal Service officials. In essence, if he could establish that he mailed the document, it would be presumed that such document was received by VA shortly thereafter.

*Savitz*, No. 98-00 121, op. at 10 (Bd. Vet. App. July 2, 2009). The Board reviewed the evidence of Mr. Savitz' actions after the April 1946 rating decision, and summarized that the evidence supporting the Veteran included his own testimony that he had sent a timely letter to the VA seeking to appeal, and two typed draft letters. One of the drafts is unsigned and undated and discusses the substance of his appeal. The other draft is dated July 8, 1946, but is unsigned and cuts off after three lines. Mr. Savitz also submitted a copy of a letter dated May 9, 1946 from a fellow prisoner of war, Fred Raiford, to Mr. Savitz, and an accompanying envelope with a 1946 postmark. Mr. Raiford stated in the letter that he exchanged shoes with Mr. Savitz while they were prisoners of war in order to accommodate Mr. Savitz's swollen frozen feet.

The Board found that these documents "appear authentic in so far as they appear to have, in fact, been created by the Veteran in 1946 with at least the initial intent of appealing the 1946 rating decision," but that "accepting that such documents are authentic does not automatically estab-

lish that they were actually mailed at that time to the RO. While the Veteran has asserted that was the case, the Board notes that there is substantial reason to doubt his credibility on that fact." The Board noted the forty-six year lapse until the Veteran followed up in 1992. The Veteran stated that he "just never got around to following up until 1992," but the Board found that "such an assertion is simply not credible in light of the fact that he pursued several other claims between 1948 and 1952, both to the RO and on appeal to the Board." The Board observed that the Veteran testified at personal hearings at both the RO and the Board, and at no time during the pursuit of any of these other claims did he state that he had an appeal pending for frozen feet. The Board also observed that when the veteran sought to reopen this claim in 1992, he did not state that he had appealed the 1946 denial. The Board concluded that the Veteran did not mail the 1946 draft letter or otherwise place it into the hands of the Postal Service within one year of the 1946 decision.

The Veterans Court affirmed the Board's decision. The Veterans Court explained that the Board made a factual determination that the appellant had not mailed a timely letter disagreeing with the Board's 1946 decision, and that the Board's finding was not clearly erroneous:

> While the appellant has some documentation that supports the inference that he considered appealing the 1946 RO decision, none of the evidence directly corroborates the appellant's assertion that he actually mailed a timely NOD. Furthermore, the Board was not unreasonable in concluding that if the appellant had actually mailed his NOD in 1946, then he would have raised the issue of the status of his appeal at some point in the correspon-

dence on the other claims he pursued over the next several years.

*Savitz*, No. 09-3842, op. at 2. Mr. Savitz again appeals to this court, arguing that the Veterans Court, in affirming the decision of the Board, misinterpreted the common law mailbox rule as a matter of law.

## DISCUSSION

On appeal from the Veterans Court, we give plenary review to questions of law, but absent a constitutional issue, we have no authority to review factual determinations or challenges to the application of a law or regulation to facts. 38 U.S.C. §7292.

In *Rios v. Nicholson*, 490 F.3d 928 (Fed. Cir. 2007), this court held that "if a letter properly directed is proven to have been either put into the post office or delivered to the postman, it is presumed, from the known course of business in the post office department, that it reached its destination at the regular time, and was received by the person to whom it was addressed." *Id.* at 931 (quoting *Rosenthal v. Walker*, 111 U.S. 185, 193 (1884)). The court explained that the common law mailbox rule "only comes into play . . . when the Veterans Court alleges that it never received the petitioner's NOA [Notice of Appeal]. In such a scenario, the common law mailbox rule may be utilized by the petitioner to presume receipt upon a showing that he placed a properly addressed and stamped NOA in the USPS within sufficient time for it to have been received by the Court within the . . . filing period." *Id.* at 932.

Upon this court's remand for consideration of the presumption of the common law mailbox rule, *Savitz v. Peake*, 519 F.3d at 1315-16, and the Veterans Court's further

remand to the Board, the Board found that Mr. Savitz did not write to the VA within one year after the April 1946 decision. The Veterans Court affirmed this finding. Although Mr. Savitz states that the Board and in turn the Veterans Court erred in their weighing of the evidence, we do not have jurisdiction to review this factual determination. *See* 38 U.S.C. §7292(d)(2); *Savitz v. Peake*, 519 F.3d at 1316 ("Although Mr. Savitz has requested that we make an independent determination that his evidence is sufficient to create a presumption of receipt under the mailbox rule, that is a factual determination that is not within our jurisdiction to make.").

The Veterans Court and the Board fulfilled their obligations on remand. Applying the statutory standard of review, the decision of the Veterans Court is affirmed.

Each party shall bear its costs.

**AFFIRMED**