Paul DiDONATO, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

Alejandra F. ELEGADO, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

Nos. 91–1033, 91–697.

United States Court of Veterans Appeals.

Dec. 23, 1991.

Before KRAMER, IVERS and STEINBERG, Associate Judges.

## ORDER

PER CURIAM.

These cases were consolidated by order of the Court issued on November 4, 1991, for purposes of disposition of the Secretary's motion to dismiss in each case based on lack of jurisdiction. In the case of appellant DiDonato, the Board of Veterans' Appeals (BVA) issued a decision dated December 7, 1990. On August 19, 1991, the Secretary of Veterans Affairs submitted a motion to dismiss this appeal as untimely filed. On September 13, 1991, the Court ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Appellant's response, filed on October 15, 1991, by his sister on his behalf, explains that appellant does not relate well to time and that his efforts to file an appeal were frustrated when he was unable to secure forms from a veterans service organization. Appellant does identify correspondence, postmarked on April 3, 1991, and stamped "received April 12, 1991", in this Court, that may serve as appellant's Notice of Appeal (NOA), but, according to the Court's stamp, this correspondence was received by the Court 5 days after the 120–day appeal period had elapsed.

On April 23, 1991, appellant Elegado filed an NOA from a BVA decision with a mailing date of December 19, 1990. On May 15, 1991, the Court ordered the Secretary of Veterans Affairs to file a preliminary record. On June 4, 1991, in response to the Court's order, the Secretary filed a motion to dismiss and to stay proceedings, accompanied by a preliminary record, and asserted that appellant's NOA was untimely filed. On September 3, 1991, appellant filed a response to the Secretary's motion to dismiss, and asserted that, under Rule 26 of this Court's Rules of Practice and Procedure, she is entitled to a 30–day extension of time in which to file her NOA. However, Rule 26 does not permit additional, or an extension of, time for the filing of an NOA.

To be timely filed under Rule 4 of this Court's Rules of Practice and Procedure and precedents construing 38 U.S.C. § 7266(a) (formerly 38 U.S.C. § 4066(a)), an NOA must generally be actually received by, not mailed to, the Court within 120 days after the Board of Veterans' Appeals (BVA) decision is mailed to an appellant. *See Elsevier v. Derwinski,* 1 Vet.App. 150, 152 (1991); *Torres v. Derwinski,* 1 Vet. App. 15, 16 (1990). This Court's jurisdiction derives exclusively from statutory grants of authority provided by Congress, and the Court may not extend its jurisdiction beyond that permitted by law. *See Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 818, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988); *see also Prenzler v. Derwinski,* 928 F.2d 392 (Fed. Cir.1991); *Skinner v. Derwinski,* 1 Vet. App. 2 (1990). In these cases, the NOA, although mailed on the 117th day after the mailing of the BVA decision, was not received by the Court until after the 120th day after such mailing.

In *Irwin v. Veterans Admin.,* 498 U.S. 89, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990), the Supreme Court extended "the principles of equitable tolling" to cases where the United States is a party but held

that those "principles ... do not extend to what is at best a garden variety claim of excusable neglect." In *Elsevier,* at 153–54, this Court concluded that "the rule of equitable tolling [is] applicable to the 120–day time limit of 38 U.S.C. § 4066(a) [redesignated § 7266(a)]". This Court finds, however, that the cases here do not present the extraordinary and carefully circumscribed conditions necessary to warrant equitable tolling under *Irwin* and *Elsevier,* at 154.

■ Therefore, since neither of these appeals were filed within 120 days after the date on which the BVA mailed its decision to the respective appellants, the NOAs in each case were untimely. Accordingly, it is

ORDERED that the Secretary's motions are granted and each of these appeals is dismissed for lack of jurisdiction.

STEINBERG, Associate Judge, concurring:

I have previously concurred, as I do again in the instant case, in the dismissal of cases due to untimely received Notices of Appeal (NOA) mailed before the expiration of the 120–day NOA deadline established by 38 U.S.C. § 7266(a) (formerly § 4066). That result is required by the Court's Rules and decisions. But I concur in such dismissals only with great reluctance, since I disagree with the Court's position that section 7266(a) mandates that an NOA must be actually received by the Court by the 120th day after the mailing of the Board of Veterans' Appeals (BVA) decision. *See Torres v. Derwinski,* 1 Vet.App. 15 (1990); *Elsevier v. Derwinski,* 1 Vet. App. 150 (1991).

In the two cases consolidated here, the envelope containing the NOA, filed by a *pro se* appellant, was postmarked three days prior to the 120th day. Appellant *DiDonato,* whose substantive claim was based on an acquired psychiatric disorder, schizophrenia, mailed his NOA, with the aid of his sister (Appellant's Response to Court's Show Cause Order (App. Response)), from Philadelphia, Pennsylvania; it bears a postmark of April 3, 1991, the 117th day after the mailing of the BVA decision; it was date-stamped by the Court

as having been filed April 12, 1991. Apparently, the NOA was en route to the Court for nine days. Although appellant, according to his sister, had requested a return receipt, he cannot locate it. App. Response. Appellant *Elegado* dated the certificate of service attached to her NOA as April 8, 1991. The earliest ascertainable postmark on the envelope in which the NOA was mailed from the Philippines is April 15, 1991, also the 117th day, and the NOA was stamped as filed by the Court on April 23, 1991.

Several practical inequities result from the Court's position, embodied in Rule 4 of the Court's Rules of Practice and Procedure, that an NOA must be actually received by the 120th day after the mailing of the BVA decision. Under that Rule, any delays caused by the postal system are irrelevant. In addition, even if no unusual delays occur in mail service, appellants proceed at their own risk to predict the mailing time of the NOA while it is in the hands of the U.S. or a foreign postal carrier. Moreover, the disparities in the mail's travel time from the BVA to the claimant and from the claimant to the Court in Washington, D.C., such as that involved in mail to and from Philadelphia and the Philippines, may be significant, thus providing appellants more geographically proximate to Washington, D.C., with considerably more actual time, taking into account the mailing of the BVA decision as well, to submit appeals to this Court from BVA decisions than is provided to those residing farther distant.

Adopting a rule which would provide for acceptance of the post-mark date, if there is a legible one, as the "filing" date would avoid these inequities and would comport with the statutory requirements. Section 7266(a) on its face requires only that the NOA must be "filed" within the 120–day period. In the absence of legislative intent to the contrary (and I have found none), I would construe those words in a way most conducive to permitting appeals to be perfected to this Court.

Indeed, this Court's Rules Advisory Committee in its proposed General Rules, trans-

mitted to the Court on December 4, 1990, recommended a post-mark filing rule. The approach of the Tax Court, a specialized Article I court, as is the Court of Veterans Appeals, also headquartered in Washington, D.C., is also instructive. It uses the postmark rule as a result of statutory direction. *See* 26 U.S.C. § 7502 (1988); Rules of Practice and Procedure of the United States Tax Court, Rule 190(a) (incorporating, by reference, Fed.R.App.P. 13(b): "[i]f a notice [of appeal] is delivered to the clerk [of the Tax Court] by mail and is received after expiration of the last day allowed for filing, the postmark date shall be deemed to be the date of delivery...."). The Federal Circuit has also acknowledged the propriety and feasibility of accepting the post-mark date as the date of filing. Fed.Cir.R. 4 (when "pursuant to statute, the trial court has adopted a rule that deems a document filed on the date it is transmitted by a specified type of mail, a notice of appeal shall be deemed filed as provided in that rule").

It is certainly true that the construction of section 7266(a) reflected in our Rules and decisions contributes to certainty and ease of administration, two laudable results. At the same time, however, this construction causes the inevitable denial of a "day in court" to many VA claimants who have proceeded in good faith to bring appeals to this Court. Although our recent adoption of an amendment to our Rule 4 has led to the improvement of this situation by allowing filing of NOAs by facsimile, this approach will primarily benefit represented or more sophisticated claimants. Given our *pro se* caseload of over 65 percent, I believe we should accord veteran appellants the same consideration as is afforded all U.S. taxpayers in bringing cases to the Tax Court.

Accordingly, I believe that a Court established for only one reason—to provide judicial review of VA benefits decisions—should eschew statutory constructions that are not required by the words or legislative history of the law and that restrict the sole avenue of judicial review that has become, only now, a reality for most VA claimants.