**Joe M. SHROPSHIRE, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 91–670.

United States Court of Veterans Appeals.

March 6, 1992.

Before KRAMER, FARLEY and STEINBERG, Associate Judges.

ORDER

PER CURIAM.

On December 20, 1991, this case was dismissed for lack of jurisdiction by a single judge. On January 3, 1992, appellant filed a pleading which the Court will construe as a motion for review of the dismissal by a three-judge panel. Appellant's motion was received within 14 days after the date of the decision of which review is being requested, pursuant to Rule 35(b) of this Court's Rules of Practice and Procedure.

Upon consideration of appellant's motion for review by a three-judge panel, it is by the panel

ORDERED that appellant's motion for review is denied.

STEINBERG, Associate Judge, concurring:

The denial of the motion for review of the Court's order, dated December 20, 1991, and the resulting dismissal of appellant's case because his Notice of Appeal (NOA) was not timely received by the Court are results currently compelled by this Court's precedent and Rule 4 of the Court's Rules of Practice and Procedure. However, I disagree with the position the Court has adopted. As I have noted in *Fletcher v. Derwinski,* 2 Vet.App. 82 (1991) (order) and other orders, several practical inequities which result from the Court's position that an NOA must be actually received by the Court within 120 days after the mailing of the Board of Veterans' Appeals decision could be avoided by the adoption of a rule accepting the postmark date as the "filing" date, provided a legible postmark exists. My views are more fully set forth in *DiDonato/Elegado v. Derwinski,* 2 Vet.App. 42 (U.S.Vet.App.1991) (order) (Steinberg, J., concurring). Such a rule would comport with the statutory requirement of 38 U.S.C. § 7266(a) (formerly § 4066), which, on its face, requires only that the NOA must be "filed" within the 120–day filing period, and would be more conducive to enabling the perfection of appeals to the Court. Thus, in this case, the rule I favor would have validated appellant's NOA which was postmarked as mailed to the Court on the 119th day.