# United States Court of Appeals for the Federal Circuit

2006-7352

RAFAEL G. RIOS,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Robert V. Chisholm, Chisholm Chisholm & Kilpatrick LLP, of Providence, Rhode Island, argued for claimant-appellant. Of counsel was Kathy A. Lieberman, Lieberman & Mark, of Washington, DC.

Todd M. Hughes, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. On the brief were Peter D. Keisler, Assistant Attorney General, and Martin F. Hockey, Jr., Senior Trial Counsel. Of counsel on the brief were Michael J. Timinski, Assistant General Counsel, and Joshua S. Blume, Staff Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Chief Judge William P. Greene, Jr.

# United States Court of Appeals for the Federal Circuit

2006-7352

RAFAEL G. RIOS,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  July 11, 2007

_____

Before MICHEL, <u>Chief Judge</u>, ARCHER, <u>Senior Circuit Judge</u> and DYK, <u>Circuit Judge</u>.

MICHEL, <u>Chief Judge</u>.

Petitioner Rafael G. Rios appeals from an en banc decision of the U.S. Court of Appeals for Veterans Claims ("Veterans Court") dismissing Mr. Rios's appeal on the ground that his Notice of Appeal was not timely filed under 38 U.S.C. § 7266(c). <u>Rios v. Nicholson</u>, 20 Vet. App. 104 (2006) (en banc).  Because the Veterans Court erred by precluding Mr. Rios from relying upon the common law mailbox rule to show timely filing, we reverse and remand for further proceedings consistent with this opinion.

I.

Mr. Rios, a U.S. veteran, originally filed a claim for disability compensation for a condition that allegedly arose during his active service.  The claim was granted in 1970, and the disability was rated at 100%.  Later, however, Mr. Rios's disability rating was

reduced to 30%. Mr. Rios timely filed a Notice of Disagreement. After a series of appeals and remands, the Board of Veterans' Appeals ("Board") denied Mr. Rios's claim on October 16, 2003. Mr. Rios claims that he filed a Notice of Appeal ("NOA") from the Board's decision on November 6, 2003. The deadline for filing a NOA was February 13, 2004, that is, 120 days after the October 16, 2003 Board decision. See 38 U.S.C. § 7266(a) (setting a 120 day deadline for filing a NOA).

On March 4, 2004, the Veterans Court received a letter dated February 25, 2004 and postmarked March 1, 2004 from Mr. Rios via certified mail inquiring as to the status of his appeal. The letter stated that he had submitted a Department of Veterans Affairs ("VA") form expressing his disagreement with the Board's decision to the Veterans Court on November 6, 2003, and that he had not received any response. The letter requested that the court "please expedite" the appeal. The Veterans Court, having no record of the NOA, construed the February 25, 2004 letter as Rios's NOA, effective as of its postmarked date, March 1, 2004. Because March 1, 2004 is more than 120 days after the Board mailed its October 16, 2003 decision, the court ordered Mr. Rios to show cause as to why his appeal should not be dismissed.

In response to the show-cause order, Mr. Rios submitted a copy of his November 6, 2003 document, a copy of a "Page of Registry of Sent Correspondence" maintained by the Puerto Rico Public Advocate for Veterans Affairs ("PRPAVA"), and two affidavits from Mrs. Santa Virgen Cruz Carrion, an employee of PRPAVA responsible for handling mail. In her affidavits, Mrs. Carrion attested to personally mailing Mr. Rios's November 6, 2003 document to the Veterans Court and the VA Office of General Counsel, and that she recorded those mailings on the "Page of Registry of Sent Correspondence." The

"Page of Registry of Sent Correspondence" contains two notations of mail sent on November 6, 2003 to the "U.S. Court of Appeals, Washington" and "General Counsel" on behalf of Mr. Rios.

In response to Mr. Rios's submission, the court ordered supplemental briefing and requested amicus briefs on October 28, 2004, and considered the case en banc. The Veterans Court issued a decision on June 27, 2006, dismissing Mr. Rios's appeal as untimely filed. In its decision, the Veterans Court held that (1) 38 U.S.C. §§ 7266(c) and (d) do not authorize the application of the common law mailbox rule to create a presumption that Rios's NOA was timely filed, (2) section 7266(c)(2) does not authorize the use of extrinsic evidence to show that Rios's NOA was timely filed, and (3) the circumstances of this case do not warrant application of equitable tolling.

A final judgment followed on July 19, 2006. Mr. Rios timely appealed to this court. This court has jurisdiction pursuant to 38 U.S.C. § 7292.

II.

This appeal involves interpretation of 38 U.S.C. § 7266, entitled "Notice of Appeal." This court reviews de novo statutory interpretations relied upon by the Veterans Court. Prenzler v. Derwinski, 928 F.2d 392, 393 (Fed. Cir. 1991).

The statute provides that "a person adversely affected" by a decision of the Board may obtain review by the Veterans Court by "fil[ing] a notice of appeal with the Court within 120 days after the date on which notice of the decision is mailed." 38 U.S.C. § 7266(a). Section 7266(b) provides that "[a]n appellant shall file a notice of appeal under this section by delivering or mailing the notice to the Court." Thus, under the plain wording of the statute, an appellant has two options for filing an NOA:

delivering it or mailing it. When an appellant chooses the former option, the NOA is deemed received by the Veterans Court on the date of receipt. 38 U.S.C. § 7266(c)(1). When an appellant chooses the latter option, the NOA is deemed received by the Veterans Court on the date of the United States Postal Service ("USPS") postmark stamped on the cover in which the notice is posted, if the notice is properly addressed to the Court and is mailed. 38 U.S.C. § 7266(c)(2). The latter provision is known as the "postmark rule." In order for section 7266(c)(2) to apply, the USPS postmark must be legible. 38 U.S.C. § 7266(d). This court spoke to these requirements in Mapu v. Nicholson, 397 F.3d 1375, 1378 (Fed. Cir. 2005), where we held "that for an appeal to be timely, the Veterans Court must receive the notice of appeal within 120 days of the Board's decision" pursuant to section 7266(c)(1), "or the notice must be deemed received within 120 days of the Board's decision pursuant to the postmark rule" of sections 7266(c)(2) and (d).

Under the common law mailbox rule, "if a letter properly directed is proved to have been either put into the post office or delivered to the postman, it is presumed, from the known course of business in the post office department, that it reached its destination at the regular time, and was received by the person to whom it was addressed." Rosenthal v. Walker, 111 U.S. 185, 193 (1884); see also Hagner v. United States, 285 U.S. 427, 430-31 (1932); Schutz v. Jordan, 141 U.S. 213, 219-20 (1891). The mailbox rule does not create a conclusive presumption that the letter arrived, "but a mere inference of fact founded on the probability that the officers of the government will do their duty and the usual course of business." Rosenthal, 111 U.S. at 193 (quoting Huntley v. Whittier, 105 Mass. 391, 392 (1870). An issue of fact arises when the

intended recipient alleges that the letter was never actually received.  Id.; see also Schutz, 141 U.S. at 220.  When the presumption "is opposed by evidence that the letters never were received, [it] must be weighed with all the other circumstances of the case, by the [trier of fact] in determining the question whether the letters were actually received or not."  Rosenthal, 111 U.S. at 194 (quoting Huntley, 105 Mass. at 392).

This court has not previously addressed the application of the common law mailbox rule to section 7266.  However, as with any common law provision, we must begin our analysis with the presumption that the mailbox rule applies, absent clear statutory abrogation thereof.  See Isbrandtsen Co. v. Johnson, 343 U.S. 779, 783 (1952) ("Statutes which invade the common law . . . are to be read with a presumption favoring the retention of long-established and familiar principles . . . .").  The parties agree that the rule applies unless Congress clearly intended to abrogate the common law rule when enacting section 7266(c)(2) and (d).  Congress's intent to abrogate a common law rule may be shown (1) expressly where the statute "speaks directly" to the question addressed by the common law, United States v. Texas, 507 U.S. 529, 534 (1993), or (2) impliedly where application of the common law rule would render an aspect of the statute superfluous or inoperative, Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104, 109 (1991).  Both parties appear to agree that Congress did not explicitly speak to abrogate the common law mailbox rule.  See Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot., 474 U.S. 494, 501 (1986) ("The normal rule of statutory construction is that if Congress intends for legislation to change the interpretation of a judicially created concept, it makes that intent specific.").  Instead, the parties disagree

as to whether sections 7266(c)(2) and (d) exclude operation of the common law rule by implication.

It is that issue to which we now turn. Rios asserts that sections 7266(c)(2) and (d) can co-exist with the mailbox rule, and as such there is no evidence that Congress intended to abrogate the common law rule when enacting sections 7266(c)(2) and (d). In contrast, the government argues that sections 7266(c)(2) and (d) conflict with the common law mailbox rule, and therefore the presumption of intent to retain the mailbox rule is overcome. The government argues that if both the mailbox rule and sections 7266(c)(2) and (d) applied, the postmark rule would be rendered superfluous. The government further asserts that if the mailbox rule applied, the act of mailing alone would be sufficient to file an NOA under section 7266, and the requirement under section 7266(d) that the postmark must be legible would make no sense.

We hold that Congress did not intend to abrogate the common law mailbox rule as it applies to the filing of NOAs with the Veterans Court because application of the common law mailbox rule would not render the statutory postmark rule of sections 7266(c)(2) and (d) superfluous. Prior to amendment, a veteran's appeal was only deemed timely upon actual receipt of the NOA by the Veterans Court. 38 U.S.C. § 4066(a) (1988). Congress added the postmark rule to overcome the Veterans Court's decision in DiDonato v. Derwinski, 2 Vet. App. 42 (1991). In that case, the Veterans Court held that a petitioner's NOA was not timely filed with the court where the envelope was postmarked on the 117th day after the Board's decision was mailed, but not actually received by the court until six days after the 120-day appeal period had elapsed. Id. at 43-44. In response to this case, Congress added sections 7266(c)

and (d) (formerly section 4066), to liberalize the time requirement for filing a notice of appeal. Veterans Benefits Improvements Act of 1994, Pub. L. 103-466, § 511(a), 108 Stat. 4670 (1994). Sections 7266(c)(2) and (d) authorize a postmark rule for determining timely receipt of NOAs mailed through the USPS. Mapu, 397 F.3d at 1378.

The statutory postmark rule, however, does not contemplate a scenario where the Veterans Court alleges that it never received a petitioner's NOA, and therefore cannot be abrogated or rendered useless by application of the common law mailbox rule. In other words, the postmark rule only comes into play when the NOA is mailed before the deadline but received by the Veterans Court after the deadline for filing. In every case contemplated under the postmark rule, the NOA is, in fact, actually received by the Veterans Court. The common law mailbox rule, on the other hand, only comes into play for purposes of section 7266 when the Veterans Court alleges that it never received the petitioner's NOA. In such a scenario, the common law mailbox rule may be utilized by the petitioner to presume receipt upon a showing that he placed a properly addressed and stamped NOA in the USPS within sufficient time for it to have been received by the Court within the 120-day filing period and therefore filed on the date of regular business delivery. In sum, then, the common law mailbox rule is a legal fiction relied upon to meet the requirement of actual receipt under section 7266(c)(1) within the statutory deadline of 120 days. It does not subsume or vitiate the postmark rule under sections 7266(c)(2) and (d), which only apply when actual receipt occurs, in fact, after 120 days.

Contrary to the government's arguments, we do not read our decision in Mapu as compelling an opposite outcome because Mapu does not address the situation where

the Veterans Court alleges non-receipt of a NOA. In Mapu, the petitioner sent his NOA to the Veterans Court by overnight Federal Express delivery on the 120th day after the Board's decision. 397 F.3d at 1377. The NOA was received by the Veterans Court on the 121st day. Id. This court rejected petitioner's argument that the mere act of depositing a NOA with a common carrier satisfies the phrase "delivering or mailing" and hence the requirements of section 7266. Id. at 1378. We stated that such a broad interpretation of section 7266 would make the postmark rule codified in subsections (c)(2) and (d) superfluous, stating, "This legislation would have been unnecessary if sections 7266(a) and (b) already treated filing as complete when a notice of appeal was deposited with the Postal Service or a private courier service." Id.

But our decision here does not vitiate the requirement under U.S. Vet. App. R. 4 for actual receipt by the Veterans Court. We reiterate that the act of mailing alone does not satisfy the requirements of section 7266. Mapu, 397 F.3d at 1378. Rather, the common law mailbox rule creates a presumption of fact that the mail was actually received by its addressee. Indeed, the common law mailbox rule would not have benefited the petitioner in Mapu, not only because the Veterans Court admitted actual (albeit late) receipt of the petitioner's NOA, but also because the petitioner therein did not prove that he placed his NOA in the USPS in adequate time to have reached the Veterans Court in the regular course of post office business. Id. at 1381 (holding that Congress specifically limited application of the postmark rule to notices of appeal sent though the USPS).

III.

The presumption of receipt under the common law mailbox rule is a rebuttable presumption of fact. Rosenthal, 111 U.S. at 193; see also United States v. Int'l Importers, Inc., 55 CCPA 43, 48 (1968). As noted above, it is for the trier of fact to determine in the first instance whether the NOA was actually received. Rosenthal, 111 U.S. at 194. The majority opinion, however, makes no findings of fact as to whether Rios properly and timely directed his NOA to the Veterans Court, thus giving rise to the presumption of receipt, nor whether the government rebutted that presumption. Thus, the judgment of the Veterans Court is reversed and the case remanded for further proceedings consistent with this opinion.

In the instant case, in order for the presumption to attach, Mr. Rios must provide evidence demonstrating that his NOA was properly addressed, stamped, and mailed in adequate time to reach the Veterans Court in the normal course of post office business before the elapse of the 120-day deadline. Id. at 193; see also Barnett v. Okeechobee Hosp., 283 F.3d 1232, 1240 (11th Cir. 2002); O'Toole v. United States Sec'y of Agric., 471 F. Supp. 2d 1323, 1329 (Ct. Int'l Trade 2007). In lieu of "direct" proof of mailing, Mr. Rios may also prove the fact of mailing through evidence of mailing custom or routine practice. O'Toole, 471 F. Supp. 2d at 1329-30 (citing United States v. Green, 745 F.2d 1205, 1208 (9th Cir. 1985); United States v. Brackenridge, 590 F.2d 810, 811 (9th Cir. 1979); United States v. Joyce, 499 F.2d 9, 15 (7th Cir. 1974); Stevens v. United States, 306 F.2d 834, 835 (5th Cir. 1962)).

The presumption of receipt, however, is one of fact, not of law. "It is not conclusive, but subject to control and limitation by other facts." Schutz, 141 U.S. at 220.

Thus, the government may put forth evidence to overcome the presumption. Int'l Importers, 55 CCPA at 48.

We recognize nonetheless that "[d]etermining whether an office receives an item mailed to it is . . . a complicated matter." Barnett, 283 F.3d at 1241. Indeed, courts have found that an addressee's simple failure to uncover an item does not rebut the presumption of delivery. Id. at 1241-42; see also In re Nimz Transp., Inc., 505 F.2d 177, 179 (7th Cir. 1974) (holding absence of proof of claims in clerk's files "by itself insufficient to rebut the presumption of receipt"); Jones v. United States, 226 F.2d 24, 27 (9th Cir. 1955) (explaining that search of the pertinent files in addressee's office revealing no record of disputed mail "is a purely negative circumstance, insufficient . . . to rebut the presumption of delivery"). Our predecessor court has held that "evidence as to the habit and custom of [a] court's officers and employees in handling the mail is negative evidence and has no appreciable value" in rebutting the presumption of receipt. Charlson Realty Co. v. United States, 181 Ct. Cl. 262, 277 (1967). Rather, such negative evidence merely gives rise to a "presumption that the ordinary course of business or procedure was followed on a given day" and that, alone, cannot overcome another presumption. Id. at 277-78.

We do not purport to determine what evidence would be sufficient to overcome a presumption of receipt. In particular, the Veterans Court must weigh all of the evidence and make a determination as to whether the NOA was actually received. Rosenthal, 111 U.S. at 194. We leave the weighing of the evidence to the Veterans Court in the first place, keeping in mind that based upon our precedent, evidence of the habit and custom of the officers and employees of the Veterans Court alone or a mere statement

by the government that Rios's NOA was never received are inadequate to rebut a presumption of receipt, if the presumption is found applicable in the first place.

Because we have decided this case under the statutory provisions of 38 U.S.C. § 7266, we do not reach petitioner's other argument that equitable tolling applies.

<u>REVERSED AND REMANDED</u>.