T.C. Memo. 2012-315

UNITED STATES TAX COURT

JAG BROKERAGE, INC., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17743-11L.                    Filed November 13, 2012.

R moves for summary judgment in his favor because the only issue P raised in this action to review R's determination to proceed with the collection of unpaid taxes is a challenge to the amounts of petitioner's underlying tax liabilities, which issue, R argues, P cannot raise because it received a statutory notice of deficiency (deficiency notice). <u>See</u> I.R.C. sec. 6330(c)(2)(B). P is a corporation, however, and R claims that he mailed the deficiency notice to P at what we presume to be its last known address, with copies to two individuals, at least one of whom appears to be an officer of P. R relies on a declaration and the common law mailbox rule to establish that there is no genuine dispute as to the material fact that P received the deficiency notice. However, as to the mailings to the individuals, a Postal Service Form 3877 identifies the items mailed as statutory notices of claim disallowance (not deficiency notices). While the item mailed to P is identified on the Postal Service Form 3877 as a deficiency notice, the question remains whether with respect to P (an artificial person) receipt for purposes of I.R.C. sec. 6330(c)(2)(B)

**[*2]** means receipt by an individual authorized to act on its behalf of P. While P did not respond to the motion, and we might therefore conclude that it has failed to rebut the inference to be drawn from the mailbox rule (and, thus, has failed to show that there is a dispute as to a material fact), given the uncertainty as to the relevance of receipt by someone authorized to act for the corporation, we are hesitant to, and will not, grant the motion.

Held: The motion for summary judgment will be denied.

John A. Gotti and Kim Gotti, for petitioner.

James P.A. Caligure and Peggy J. Gartenbaum, for respondent.

MEMORANDUM OPINION

HALPERN, Judge: This case is before us to review a determination by respondent's Appeals Office (Appeals) to proceed with collection of petitioner's unpaid Federal income tax, additions to tax, and penalties for 2004 through 2006 (years in issue). Respondent moved (motion) for summary judgment in his favor. Petitioner was ordered to respond but did not. We shall, nevertheless, deny the motion.

All section references are to the Internal Revenue Code presently in effect, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*3]** Summary judgment is a procedure used to expedite litigation; it is intended to avoid unnecessary and expensive trials. It is not, however, a substitute for trial; it should not be used to resolve genuine disputes over issues of material fact. E.g., Vallone v. Commissioner, 88 T.C. 794, 801 (1987). A motion for summary judgment will be granted "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits or declarations, if any, show that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). The moving party has the burden of showing the absence of a genuine issue as to any material fact. E.g., Anonymous v. Commissioner, 134 T.C. 13, 15 (2010). For these purposes, the party opposing the motion is to be afforded the benefit of all reasonable doubt, and the material submitted by both sides must be viewed in the light most favorable to the opposing party; that is, all doubts as to the existence of an issue of material fact must be resolved against the movant. E.g., Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Dreher v. Sielaff, 636 F.2d 1141, 1143 n.4 (7th Cir. 1980); Kroh v. Commissioner, 98 T.C. 383, 390 (1992).

Background

Respondent asks for summary judgment in his favor because the only issue raised in the petition is a challenge to the amounts of petitioner's underlying tax

[*4] liabilities for the years in issue, and, respondent argues, it is precluded from challenging those liabilities because, with respect to those years, it received a statutory notice of deficiency (deficiency notice). See sec. 6330(c)(2)(B). Respondent supports the motion with the declaration of Settlement Officer Gail Dickerson, who, by the declaration, states that a deficiency notice with respect to those years was both mailed and delivered to petitioner at its last known address, with additional copies mailed to John A. Gotti and Kim M. Albanese, a.k.a. Kim M. Gotti (Ms. Gotti). Mr. Gotti, it appears from the declaration, was at that time an officer of petitioner.

Petitioner assigns error to the determination and, in support of its assignment, avers in part that it had no prior opportunity to dispute its underlying liability because, when the deficiency notice was mailed, Mr. Gotti was incarcerated ("in solitary confinement") with limited and restricted access to communications, and he did not receive it. By the answer, respondent admits that Mr. Gotti was incarcerated when the deficiency notice was mailed. He denies for lack of information whether Mr. Gotti was in solitary confinement with restricted access to communications.

[*5]                              Discussion

I.    Appeals Hearing

Sections 6320 and 6330 provide taxpayers the right to notice and the opportunity for an Appeals hearing before the Commissioner takes certain steps to collect unpaid taxes. At that hearing, a taxpayer may raise a challenge to the existence or amount of his underlying tax liability for any tax period only if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B). In response to respondent's actions to collect unpaid taxes for the years in issue, petitioner requested, and was granted, an Appeals hearing before Ms. Dickerson. She did not allow petitioner to challenge its underlying tax liabilities for those years because, she determined, it had received a deficiency notice for those years. We have jurisdiction to review Appeals' determination not to allow petitioner to raise that challenge. See sec. 6330(c)(1).

II.   Respondent's Argument

Respondent argues that the declaration establishes that a deficiency notice for the years in issue was mailed and delivered to petitioner at its last known address, with copies mailed to both Mr. and Ms. Gotti at that address and a copy

[*6] mailed to Mr. Gotti at the Metropolitan Detention Center, Brooklyn, New York, where he was incarcerated.

In fact, a copy of a Postal Service Form 3877 attached to the declaration evidences the mailing to petitioner at what we presume to be its last known address of a deficiency notice for the years in issue, and a copy of a Postal Service Track & Confirm statement confirms its subsequent delivery to that address. The Postal Service Form 3877 also evidences the mailing to the Gottis of six "notices of claim disallowance" (not "notices of deficiency") for 2004 and 2005, but not 2006, with two of them, for 2004 and 2005, addressed to Mr. Gotti at the detention center and the rest addressed to one or the other of the Gottis at the presumed last known address. There is no evidence that any of the notices of claim disallowance were delivered. Respondent argues: "Absent direct evidence that the taxpayer actually received the notice of deficiency or refused its delivery, respondent must rely on the presumptions of official regularity and delivery to meet its burden of proof. See Sego v. Commissioner, 114 T.C. 604, 610 (2000); Bailey v. Commissioner, T.C. Memo. 2005-241."

III.    Mailbox Rule

If we are to grant the motion, respondent's burden is to show that there is no genuine dispute as to any material fact and that a decision may be rendered as a

**[*7]** matter of law.  Whether petitioner, a corporation, received the deficiency notice so as to deprive it of the right to raise a challenge to its underlying tax liabilities at its Appeals hearing raises both a question of law (what constitutes receipt by a corporation for purposes of section 6330(c)(2)(B)) and, having answered that, a question of material fact; i.e., whether it received the notice.

Respondent does not explicitly address the first question; i.e., what, for purposes of section 6330(c)(2)(B), constitutes receipt by a corporation.  Apparently believing that one of the notices reached the right recipient, to satisfy his burden he evokes what, in essence, is the common law mailbox rule; i.e., "that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed."  Hagner v. United States, 285 U.S. 427, 430 (1932); see also Rios v. Nicholson, 490 F.3d 928, 930-931 (Fed. Cir. 2007); 29 Am. Jur. 2d, Evidence, sec. 273 (2008) ("Mailbox [R]ule").  We have said:  "Respondent is entitled to rely upon presumptions of official regularity and delivery where the record reflects proper mailing of the statutory notice of deficiency."  Powers v. Commissioner, T.C. Memo. 2009-229, 2009 WL 3171768, at *9.  Those presumptions do not establish conclusively that the mailed item arrived but merely create an inference that, if challenged, raises an issue of fact as

**[*8]** to whether the item was actually received.  See <u>Rios</u>, 490 F.3d at 931; 29 Am. Jur. 2d, Evidence, sec. 273; <u>see also</u> <u>Conn v. Commissioner</u>, T.C. Memo. 2008-186 ("If the presumption is raised and the taxpayer does not rebut the presumption, the Court may find that the taxpayer received the notice of deficiency").

IV.    <u>Receipt of the Deficiency Notice</u>

As to the six notices of claim disallowance mailed to the Gottis, we need reach neither the question of what constitutes receipt by a corporation nor the question of whether, in the face of petitioner's failure to respond to the motion, its averments admitted by respondent are a sufficient challenge to deprive respondent of the inference from the mailbox rule that those notices were received by the addressees.  That is because the notices are described on the Postal Service Form 3877 as "notices of claim disallowance", so that, even if we presume the Gottis received them (and one or the other of the Gottis to be a proper recipient for petitioner), there is still a dispute as to the material fact of whether what was received was a copy of the deficiency notice.

With respect to the deficiency notice that he claims was mailed to petitioner, respondent can rely on the Postal Service Form 3877 and the Postal Service Track & Confirm statement to show that the deficiency notice, addressed to petitioner, was delivered to what we assume to be its last known address.  And the inference

**[\*9]** to be drawn from the mailbox rule is that the notice, addressed to petitioner, was received by it. But petitioner is a corporation, an artificial person, and the question remains whether, for petitioner to be precluded by section 6330(c)(2)(B) from raising a challenge to its underlying tax liability, someone (an individual) employed by, or acting for, petitioner must have received the deficiency notice in time for it to have acted on it. The mailbox rule does not answer that question. And section 6330 does not amplify the receipt requirement. Section 301.6330-1(e)(3), Q&A-E2, Proced. & Admin. Regs., however, states that, for purposes of section 6330(c)(2)(B), "Receipt of a statutory notice of deficiency * * * means receipt in time to petition the Tax Court for a redetermination of the deficiency determined in the notice of deficiency." The regulation suggests, and we have held, that section 6330(c)(2)(B) contemplates "actual receipt by the taxpayer." Kuykendall v. Commissioner, 129 T.C. 77, 80 (2007). Moreover, the legislative history of section 6330 evidences that Congress did, indeed, have in mind the taxpayer's actual receipt of a deficiency notice. See H.R. Conf. Rept. No. 105-599, at 265 (1998), 1998-3 C.B. 747, 1019 ("the validity of the tax liability can be

**[*10]** challenged only if the taxpayer did not actually receive the statutory notice of deficiency").[1]

If we assume that the term "receipt" in section 6330(c)(2)(B) means actual receipt so as to accord the taxpayer a meaningful (and not just a hypothetical) opportunity to challenge the Commissioner's determination of a deficiency, then timely receipt on behalf of a corporation by someone (an individual) authorized to act for the corporation would seem to be required before the corporation is precluded from raising a challenge to its underlying tax liability at its Appeals hearing. Indeed, respondent may agree with that proposition, since he relies on the claim that he "issued JAG's notice of deficiency to John Gotti at the jail in which he was incarcerated" to support his claim that, "[p]ursuant to I.R.C. § 6330(c)(2)(B), JAG is precluded from challenging the underlying liability in this proceeding."

Both our own analysis and respondent's position with respect to the adequacy of receipt of the deficiency notice by Mr. Gotti suggest that there is an unresolved question of law as to whether a corporate taxpayer has actually

----

[1]H.R. Conf. Rept. No. 105-599 (1998), 1998-3 C.B. 747, is the conference committee report that accompanied H.R. 2676, 105th Cong., 2d Sess. (1998), enacted as the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA), Pub. L. No. 105-206, 112 Stat. 685. RRA sec. 3401(b), 112 Stat. at 747, added sec. 6330.

**[\*11]** received a deficiency notice for purposes of section 6330(c)(2)(B) if it can show that the notice was not timely received by an individual authorized to act for the corporation. And while the inference of receipt to be drawn from the mailbox rule may, if unrebutted, be sufficient to carry respondent's burden of showing receipt by petitioner of the deficiency notice, we do have the fact, admitted by respondent, that Mr. Gotti was incarcerated when the notice was mailed. He is an officer of petitioner, and we assume that he could have acted for petitioner. Petitioner did not respond to the motion and has not established that (1) Mr. Gotti lacked timely knowledge of the notice (and was, therefore, precluded from acting on it) and (2) there was no one else knowledgeable of the notice and able to act on it.[2] While for those reasons we might conclude that petitioner has failed to rebut the inference to be drawn from the mailbox rule (and, thus, has failed to show a dispute as to a material issue of fact), given the uncertainty as to the relevance of receipt by someone authorized to act for the corporation, we are hesitant to, and

---

[2]Although she signed the petition, we are uncertain as to Ms. Gotti's status (as an owner, officer, employee, or otherwise) with respect to petitioner and as to her whereabouts when the deficiency notice was delivered.

In passing, we note that Web-accessible records of the State of New York Department of State, Division of Corporations, State Records & UCC, contain a record for a J.A.G. Brokerage Corp., Nassau County, New York, but state that the corporation has no registered agent. See http://www.dos.ny.gov/corps/bus_entity_search.html (last visited Oct. 5, 2012).

**[\*12]** will not, grant the motion. If the case proceeds to trial, the parties can assist us in resolving the uncertainties.

V.      <u>Conclusion</u>

For the reasons stated,

<u>An appropriate order will be issued</u>

<u>denying the motion</u>.