T.C. Memo. 2015-228

UNITED STATES TAX COURT

SHARON L. GARRETT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28049-14L.                    Filed November 24, 2015.

P requested an Appeals hearing after receiving a notice of
Federal tax lien for her taxable years 2004 through 2008. The IRS
Appeals Office determined to proceed with collection of P's unpaid
Federal income tax and additions to tax for those years, and P
petitioned for review of that determination. Both P and R moved for
summary judgment. P concedes liability for 2004 but denies
receiving a notice of deficiency for 2005 through 2008. She argues
that the copy of the notice of deficiency for those years and the
certified mail list R submitted are not adequate evidence of mailing of
the notice because the notice does not bear the certified mail number
indicated on the certified mail list. R argues that the evidence
submitted establishes not only the mailing of a notice of deficiency to
P for 2005 through 2008 but also her receipt of the notice, so that P
cannot challenge the existence or amount of her underlying tax
liabilities for those years.

**[*2]**     Held:  The documents R submitted are sufficient to establish the validity of R's assessments for 2005 through 2008; P's motion for summary judgment will be denied.

     Held, further, P's denial of receipt of a notice of deficiency for 2005 through 2008 raises a genuine issue of material fact; R's motion for summary judgment will be granted as to 2004 but denied as to 2005 through 2008.

Sharon L. Garrett, pro se.

Erin Kathleen Salel, for respondent.

MEMORANDUM OPINION

HALPERN, Judge:  This case is before us to review a determination by the Internal Revenue Service Appeals Office to proceed with collection of petitioner's unpaid Federal income tax and additions to tax for 2004 through 2008.  Petitioner has conceded her liability for 2004, but the years 2005 through 2008 remain in issue.  Both parties have moved for summary judgment.  We will deny petitioner's motion, grant respondent's motion in regard to 2004, but deny respondent's motion in regard to 2005 through 2008.

**[\*3]**    Unless otherwise stated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Summary Adjudication

Summary judgment expedites litigation: It is intended to avoid unnecessary and expensive trials. It is not, however, a substitute for trial and should not be used to resolve genuine disputes over issues of material fact. E.g., Vallone v. Commissioner, 88 T.C. 794, 801-805 (1987). The moving party has the burden of showing the absence of a genuine issue of material fact. E.g., Anonymous v. Commissioner, 134 T.C. 13, 15 (2010). For these purposes, we afford the party opposing the motion the benefit of all reasonable doubt, and we view the material submitted by both sides in the light most favorable to the opposing party. That is, we resolve all doubts as to the existence of an issue of material fact against the movant. E.g., Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995); Dreher v. Sielaff, 636 F.2d 1141, 1143 n.4 (7th Cir. 1980); Kroh v. Commissioner, 98 T.C. 383, 390 (1992).

Appeals Hearing

Sections 6320 and 6330 provide a taxpayer the right to notice and the opportunity for an Appeals hearing before the Commissioner can collect unpaid

**[\*4]** taxes by means of a lien or levy against the taxpayer's property. At that hearing, the taxpayer can challenge the existence or amount of her underlying tax liability for any tax period only if the taxpayer "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B). Petitioner requested an Appeals hearing after receiving a notice of Federal tax lien for her taxable (calendar) years 2004 through 2008. She then exchanged correspondence with Settlement Officers Josephine Stockli and Sherrie Levine. Settlement Officer Levine, on the premise that petitioner had received notices of deficiency for the years in issue, advised petitioner that she could not challenge her underlying liabilities for those years.

Petitioner's Motion

As we understand petitioner's argument, she claims that summary judgment in her favor is appropriate for the taxable years 2005 through 2008 because respondent has not offered adequate evidence of having mailed to her a notice of deficiency for those years. The Commissioner generally cannot pursue collection activity against a taxpayer without first mailing a notice of deficiency to the taxpayer's last known address. Secs. 6212(b)(1), 6213(a). If respondent's assessments of petitioner's tax liabilities for 2005 through 2008 were not preceded by the mailing of a notice of deficiency to petitioner, as required by section

[*5] 6213(a), those assessments were invalid.  See, e.g., Hoyle v. Commissioner, 131 T.C. 197, 205 (2008).  Under sections 6321 and 6322, a tax lien arises in favor of the United States when an assessment is made.  If respondent did not validly assess petitioner's tax liabilities for the years in issue, then no liens arose with respect to those tax liabilities, and collection cannot proceed.  Accordingly, if the assessments were invalid, the determination to proceed with collection was error as a matter of law.

As evidence that a notice of deficiency for the years 2005 through 2008 was mailed to petitioner, respondent has submitted a copy of such a notice and a "certified mail list" that indicates the mailing of that notice to petitioner.  It is well established that a U.S. Postal Service Form 3877 or equivalent certified mail list is "highly probative evidence that * * * [a] notice of deficiency [included on the list] was sent to the address[] specified."  United States v. Ahrens, 530 F.2d 781, 784 (8th Cir. 1976); see also O'Rourke v. United States, 587 F.3d 537, 540 (2d Cir. 2009); United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984); Hoyle v. Commissioner, 131 T.C. at 203.

Petitioner has offered no evidence that the notice of deficiency proffered by respondent was not mailed.  She does not deny that the notice was properly addressed.  The only irregularity she alleges in the documents respondent

**[\*6]** submitted is the failure of the notice to bear the certified mail number indicated on the certified mail list.  Petitioner points to no authority that establishes that a notice of deficiency sent by certified mail must bear the certified mail number for a copy of the notice to constitute valid evidence of its mailing.  Cf. In re O'Rourke, 346 B.R. 643, 646 (Bankr. W.D.N.Y. 2006) (noting that imprint on notice of deficiency of same certified mail number that appeared on certified mail log established that notice "was prepared and in existence when the certified mail log was created"), aff'd sub nom. O'Rourke v. United States, 587 F.3d 537 (2d Cir. 2009).  Petitioner argues that, because the notice of deficiency does not bear a certified mail number, the certified mail list evidences only that respondent sent petitioner something, not that the document sent was a notice of deficiency.[1]

We reject petitioner's argument that the evidence respondent submitted is, as a matter of law, insufficient to establish the validity of the assessments.  Because

---

[1]Petitioner cites two cases involving arguments that a certified mail list showed only the mailing of some item, but not necessarily the mailing of a notice of deficiency.  Each of those cases is distinguishable from the present case.  In Keado v. United States, 853 F.2d 1209, 1213 (5th Cir. 1988), in contrast to the present case, the certified mail list did not identify the mailed items as notices of deficiency.  In Pietanza v. Commissioner, 92 T.C. 729, 731 (1989), aff'd without published opinion, 935 F.2d 1282 (3d Cir. 1991), the Commissioner produced only an untyped, draft notice.

**[*7]** the certified mail list arose from the conduct of official duties by employees of respondent and the U.S. Postal Service, it is reliable evidence of the mailing of a notice of deficiency to petitioner for her 2005 through 2008 tax years. The list itself associates the notice of deficiency with a certified mail number, even though the copy of the notice submitted by respondent does not bear that number. (Because the notice was stamped with the same date as the certified mail list, we are satisfied that the notice had been prepared and was in existence when the list was created. Cf. id.) Thus, the certified mail list evidences that the notice of deficiency was mailed to petitioner. Although petitioner claims not to have received the notice of deficiency, she offered no evidence that the notice was not properly mailed. And the validity of an assessment turns only on the mailing of a notice of deficiency--not its receipt by the taxpayer. Keado v. United States, 853 F.2d 1209, 1211-1212 (5th Cir. 1988); Zolla, 724 F.2d at 810; Pietanza v. Commissioner, 92 T.C. 729, 736 (1989), aff'd without published opinion, 935 F.2d 1282 (3d Cir. 1991). Therefore, we conclude that the documents respondent submitted establish the validity of the assessments for the years 2005 through 2008 and, accordingly, we will deny petitioner's motion for summary judgment.

**[*8]** <u>Respondent's Motion:  Reliance on Presumption</u>

In support of his motion for summary judgment, respondent argues that the evidence submitted not only establishes that a notice of deficiency for the years 2005 through 2008 was mailed to petitioner; it also establishes that she received it. Therefore, according to respondent, petitioner cannot challenge the existence or amount of her underlying tax liabilities for those years.  Petitioner has raised no issues regarding the Appeals officer's determination other than challenging respondent's evidence of the mailing of the notice of deficiency and denying that she received the notice.  She provided no financial information that would have allowed the Appeals officer to evaluate her ability to pay, nor did she propose any collection alternatives.  Therefore, respondent argues that he is entitled to summary judgment that the Appeals officer did not abuse her discretion in upholding the proposed liens.

In claiming that the notice of deficiency and certified mail list he submitted establish not only the mailing of the notice for 2005 through 2008 but also its receipt by petitioner, respondent purports to rely on the "presumption of official regularity and delivery".  In addition, respondent professes not to have received from the U.S. Postal Service any statement that the notice of deficiency sent to petitioner was not delivered.  On the basis of these claims, respondent argues that

**[*9]** he is entitled to a presumption that petitioner actually received the notice of deficiency for 2005 through 2008 and that her claim to the contrary is insufficient to rebut the presumption.

In the context of this case, respondent's claimed presumption of official regularity and delivery is, in essence, the common law mailbox rule; i.e., "that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed." Hagner v. United States, 285 U.S. 427, 430 (1932); see also Rios v. Nicholson, 490 F.3d 928, 930-931 (Fed. Cir. 2007); Jag Brokerage, Inc. v. Commissioner, T.C. Memo. 2012-315, at *7; 29 Am. Jur. 2d, Evidence, sec. 273 (2008). We have previously allowed the Commissioner to rely on the presumption of official regularity and delivery, when not rebutted by a taxpayer, to establish that the taxpayer actually received a notice of deficiency for which the Commissioner presents evidence of mailing. E.g., Klingenberg v. Commissioner, T.C. Memo. 2012-292, at *15; Casey v. Commissioner, T.C. Memo. 2009-131, 2009 WL 1606226, at *4; Bailey v. Commissioner, T.C. Memo. 2005-241, 2005 WL 2591914, at *5; Figler v. Commissioner, T.C. Memo. 2005-230, 2005 WL 2444045, at *4.

[*10] Neither the presumption of official regularity and delivery nor the mailbox rule establishes conclusively that the mailed item arrived. Instead, each merely creates an inference that, if challenged, raises an issue of fact as to whether the item was actually received. See Rios, 490 F.3d at 931; 29 Am. Jur. 2d, Evidence, sec. 273; see also Conn v. Commissioner, T.C. Memo. 2008-186, 2008 WL 2986391, at *2 ("If the presumption is raised and the taxpayer does not rebut the presumption, the Court may find that the taxpayer received the notice of deficiency[.]").

Respondent's motion for summary judgment on all issues in the case presents the question of whether petitioner's denial of receipt of a notice of deficiency for the taxable years 2005 through 2008 raises an issue of material fact sufficient to require the denial of that motion. We conclude that it does.

Petitioner's Rebuttal of the Presumption

The nature and quantum of evidence sufficient to rebut the presumed receipt of mailed items depends on the circumstances and the policies of the substantive rules giving rise to the evidentiary dispute. In some circumstances, courts have held that mere denial of receipt by an addressee is insufficient to rebut the presumption. E.g., United States v. Ekong, 518 F.3d 285, 287 (5th Cir. 2007) (holding that "addressee's 'bare assertion of non-receipt' is insufficient to rebut the

**[\*11]** assumption" arising from the mailbox rule) (quoting <u>Custer v. Murphy Oil USA, Inc.</u>, 503 F.3d 415, 421 (5th Cir. 2007)); <u>Rios</u>, 490 F.3d at 934 (mere statement that document in issue was never received is inadequate to rebut an applicable presumption of receipt).  In other circumstances, a claim of nonreceipt rebuts the presumption.  <u>E.g.</u>, <u>Nunley v. City of Los Angeles</u>, 52 F.3d 792, 796 (9th Cir. 1995) (specific denial of receipt sufficient to rebut presumption of receipt arising from proof of mailing); <u>In re Yoder Co.</u>, 758 F.2d 1114, 1118 (6th Cir. 1985) ("Testimony of non-receipt, standing alone * * * [is] sufficient to rebut the presumption of receipt."); <u>see also</u> <u>Legille v. Dann</u>, 544 F.2d 1, 6-7 (D.C. Cir. 1976) (reversing summary judgment granted to party that relied on presumption of regularity of mails because record disclosed potential evidence capable of dispelling presumption).[2]

The weight of evidence required to rebut presumed receipt of mailed items may also be affected by the identity of the recipient.  For example, a business entity denying receipt of a mailed item could "describe in detail its procedures for receiving, sorting, and distributing mail, to show that these procedures were

---

[2]We give particular weight to the views on evidentiary issues expressed by the U.S. Court of Appeals for the District of Columbia Circuit because, by statute, we are required to conduct our proceedings "in accordance with the rules of evidence applicable in trials without a jury in the United States District Court of the District of Columbia."  Sec. 7453; <u>see also</u> Rule 143(a).

**[*12]** properly followed at the time when the document in question might conceivably have been delivered by the postal service". Schikore v. BankAmerica Supplemental Ret. Plan, 269 F.3d 956, 964 (9th Cir. 2001). The entity could also explain its filing and recordkeeping procedures and offer evidence "that it * * * conducted a thorough search for the document" in the location in which it would normally have been filed. Id. By contrast, an individual may be unable to offer any evidence of nonreceipt other than his or her bare assertion. Cf. Lepre v. DOL, 275 F.3d 59, 70 (D.C. Cir. 2001) ("[I]t is difficult to conceive of what more a * * * [Federal Employees Compensation Act] beneficiary could have done to demonstrate that he had not received [a notice other than denying receipt.]"). Concluding that an individual taxpayer's denial of receipt of a notice of deficiency is insufficient to rebut the presumption raised by the mailbox rule would, in most cases, cause the presumption to be conclusive. As noted, individual taxpayers who lack documented and routinized procedures for handling mail could seldom offer any evidence other than mere denials to show that they did not receive a mailed notice of deficiency.

Giving conclusive effect to the presumption raised by the mailbox rule would contravene the purposes of the collection due process provisions of sections 6320 and 6330. Cf. United States v. Bowen, 414 F.2d 1268, 1273 (3d Cir. 1969)

**[\*13]** (regulation that "in effect creates an 'irrebuttable or conclusive presumption' that mail sent is received" held "unconstitutional as violative of the due process clause of the Fifth Amendment"); Solberg v. Sec'y of Dep't of Health & Human Servs., 583 F. Supp. 1095, 1097 (E.D. Wis. 1984) (presumption of delivery of mailed letter "may not * * * be given conclusive effect without violating the due process clause").  Congress enacted sections 6320 and 6330 to "afford taxpayers due process in collections" and intended that taxpayers be given "a meaningful hearing before the IRS deprives them of their property."  S. Rept. No. 105-174, at 67 (1998), 1998-3 C.B. 537, 603.  Allowing evidence of the mailing of a notice of deficiency to create an effectively conclusive presumption of receipt could deny a taxpayer any opportunity to contest his or her tax liability before payment.  Therefore, the question of whether, for purposes of section 6330(c)(2)(B), a taxpayer actually received a notice of deficiency notwithstanding the taxpayer's denials should be decided not by an effectively conclusive presumption but instead on the preponderance of the evidence.  Casey v. Commissioner, 2009 WL 1606226, at \*4 ("The Court's determination of whether a taxpayer has received a notice of deficiency so as to preclude a challenge to the underlying tax liability under section 6330(c)(2)(B) is made 'On the preponderance of the evidence'." (quoting Sego v. Commissioner, 114 T.C. 604, 611 (2000))); see also Klingenberg

**[\*14]** <u>v. Commissioner</u>, at \*12.  To the extent the Commissioner's introduction of a notice of deficiency and Postal Service Form 3877 or certified mail list raises a presumption that the taxpayer received the notice, that presumption merely places on the taxpayer the burden of going forward and producing some evidence to the contrary.  The taxpayer's denial of receipt meets that burden.  Granting summary judgment against a taxpayer who denies receiving a notice of deficiency would preclude the Court from hearing the taxpayer's testimony and evaluating her credibility.  Cf. <u>Kaye v. Commissioner</u>, T.C. Memo. 2014-145 (granting summary judgment in favor of Commissioner following hearing disclosed in record of case that allowed for evaluation of credibility of taxpayer's denial of having received notice of deficiency).  At trial, the evidence offered by the Commissioner to raise the presumption would remain relevant and, by a preponderance of the evidence, could well support a finding that the taxpayer actually received a notice of deficiency despite the taxpayer's testimony to the contrary.  But allowing that evidence to require a finding to that effect in the face of denial by a taxpayer who, as a practical matter, could not reasonably be expected to offer any other evidence

**[*15]** of nonreceipt would in effect make the presumption conclusive, to the prejudice of the taxpayer's rights.[3]

For the reasons explained above, we conclude that the question of whether petitioner actually received a notice of deficiency for the taxable years 2005 through 2008 is a genuine question of material fact to be decided at trial. Consequently, we will deny respondent's motion for summary judgment on all issues but, on the basis of petitioner's concession of liability for her 2004 taxable year, we will grant respondent's motion for summary judgment as to that year.

> An order will be issued denying petitioner's motion for summary judgment, and granting in part, and denying in part, respondent's motion for summary judgment.

---

[3]In at least two prior Memorandum Opinions, we observed that taxpayers' claims of nonreceipt of notices of deficiency would "generally" be insufficient to rebut the presumption of receipt established by evidence of mailing. E.g., Klingenberg v. Commissioner, T.C. Memo. 2012-292, at *12; Casey v. Commissioner, T.C. Memo. 2009-131, 2009 WL 1606226, at *4. Neither of those cases, however, considered a motion for summary judgment, and (as noted in the text above), each emphasized the need for the determination of receipt to be made on the preponderance of the evidence. Our observations in those cases should be taken as nothing more than generalizations about how we would ordinarily weigh the evidence following trial.