LOURIE, Circuit Judge,
dissenting.
I respectfully dissent from the majority’s decision to vacate and remand the decision of the United States Court of Appeals for Veterans Claims (“Veterans Court”) affirming the decision of the Board of Veterans’ Appeals (“Board”) holding that Kyhn lacked service connection for tinnitus. Kyhn v. Shinseki, 24 Vet.App. 228 (2011) (“Kyhn II”). Because I believe that the Veterans Court did not err in requesting information from the Department of Veterans Affairs (“VA”) concerning its practice of scheduling and notifying veterans of medical examinations and also did not err in determining, based on the VA’s response, that Kyhn was presumed to have received that notice, I would affirm.
Under 38 U.S.C. § 7252, the Veterans Court is vested with the authority “to review decisions of the Board of Veterans’ Appeals” and such review “shall be on the record of the proceedings before the Secretary and the Board.” Section 7261(c) also states that “[i]n no event shall findings of fact made by the Secretary or the Board of Veterans’ Appeals be subject to trial de novo by the Court.” 38 U.S.C. § 7261(c). In my view, Kyhn’s argument that the Veterans Court violated these provisions fails because neither of these provisions applies to the circumstances of this case. There was no finding of fact tried de novo by the Veteran’s Court.
First, I note preliminarily that the Veterans Court’s determination that the VA *579 has a regular process for providing notice of scheduled examinations is not barred by § 7252(b). The Veterans Court has jurisdiction over a number of areas of seemingly first-instance factual inquiry that were not “on the record of the proceedings before the Secretary and Board” under § 7252(b), including determining both the regularity of procedure and relying on outside affidavits not in the record.
For example, the Veterans Court has taken judicial notice of affidavits to establish facts that were not relevant at the Board level. Fed.R.Evid. 201; see B.V.D. Licensing Corp. v. Body Action Design, Inc., 846 F.2d 727, 728 (Fed.Cir.1988) (“Courts may take judicial notice of facts of universal notoriety, which need not be proved, and of whatever is generally known within their jurisdictions.”); Smith v. Derwinski, 1 Vet.App. 235, 238 (1991) (“Courts may take judicial notice of facts not subject to reasonable dispute.”). Further, the Veterans Court has considered affidavits in resolving jurisdictional disputes. Clark v. Principi, 15 Vet.App. 61, 62 (2001); Timberlake v. Gober, 14 Vet.App. 122, 132 (2000). The Veterans Court has also reviewed evidence not in the record to resolve motions for attorney’s fees. E.g., Bazalo v. Brown, 9 Vet.App. 304 (1996) (en banc), rev’d on other grounds, Bazalo v. West, 150 F.3d 1380 (Fed.Cir.1998).
The Veterans Court likewise could have, if it needed to, taken judicial notice of VA procedures found in manuals existing at the VA prior to the appeal. Johnson v. Shinseki, 23 Vet.App. 344, 351 (2010); cf. Marsh, 19 Vet.App. at 386-87 (VA regulations relevant to establish VA procedure). Those procedures are not always set forth in published form, Johnson, 23 Vet.App. at 351; Smith v. Shinseki, 24 Vet.App. 40, 46 (2010), and, indeed, prior opinions of the Veterans Court have faulted the government for not filing affidavits of VA personnel to support an argument on the regularity of practice, Posey v. Shinseki, 23 Vet.App. 406, 410 (2010) (“At no time has the Secretary produced, or offered to produce, affidavits of VA personnel to support his argument that simply noting on an internal document that a Board decision was re-mailed on a particular date plausibly demonstrates the actual date the Board decision was re-mailed, nor did he file any attachments with his brief demonstrating an established policy for the re-mailing of Board decisions.”); see Chabebe v. Shinseki, No. 09-0114, 2010 WL 3230804 (Vet.App. Aug. 16, 2010) (“The foundation of any presumption of regularity is a showing, by affidavit or otherwise, what the regular procedure may be.”).
As with jurisdictional matters, evidence regarding regularity is not used to adjudicate the merits of a claim. Such evidence is only used to establish whether a presumption of regularity attaches. The affidavits in this circumstance were properly used to establish that presumption, not to establish the fact that Kyhn had been notified. In the limited circumstance where a VA procedure needs to be established, I believe that the Veterans Court can take judicial notice of VA procedures based on affidavits provided by the VA that are not subject to reasonable dispute.
The majority relies on apparent inconsistencies in the affidavits to argue that the Veterans Court cannot take judicial notice of their contents. Majority Op. at 7 n.5 These arguments were not raised by Kyhn before the Veterans Court. Indeed, Kyhn, in moving for reconsideration, did not challenge the substance of those affidavits, only the procedure by which they were considered. Regardless, the alleged inconsistencies, such as whether the letter is generated and addressed automatically or manually and the number of days be *580 fore mailing, are not controlling. Such a level of granularity is not significant. In this instance, the fact that the affidavits consistently note that a letter is generated, addressed according to the address on file, and then subsequently mailed is sufficient to establish the existence of the procedure.
Second, section 7261(c) is irrelevant here because there was no finding of fact by the Board that the Veterans Court reviewed de novo. The issue of the regular procedure of the VA only became relevant in response to a defense raised by Kyhn on appeal in the Veterans Court. Because it had not been raised below, the Board had no opportunity to engage in any findings of fact under § 7261(c) that could be subject to review by the Veterans Court.
The case relied on by the majority for arguing that § 7261(c) still applies despite the VA not engaging in any fact-finding, Deloach v. Shinseki, 704 F.3d 1370, 1380 (Fed.Cir.2013), is inapposite as it does not discuss the presumption of regularity and ignores the circumstances, previously discussed when the Veterans Court can and does engage in limited fact-related finding in the first instance, including in establishing the presumption of regularity. Even so, irrespective of the appropriate standard of review, because the VA made no fact-finding, I believe that § 7261(c) was not violated.
Moreover, the long-standing practice at the Veterans Court is to review the application of the presumption of regularity de novo as a matter of law. E.g., Marsh v. Nicholson, 19 Vet.App. 381, 386 (2005). Under that standard, the question whether the presumption of regularity applies is not a finding of fact at all, and thus § 7261(c) would not apply even if the VA had addressed the presumption of regularity in the first instance. There is, however, a disconnect between our case law and that of the Veterans Court on the applicable standard of review, which the majority attempts to reconcile. See Echevarria-North v. Shinseki, 437 Fed.Appx. 941, 946-47 (Fed.Cir.2011) (unpublished) (stating that the question of the presumption of regularity is either a question of fact or the application of law to fact). If the applicability of the presumption of regularity is a question of fact or application of law to fact, then we cannot review that determination, including the supposed conflicting contents of any affidavits, as it is beyond our jurisdiction. See id. But the question of the proper standard of review is not before us as the Board engaged in no actual fact-finding.
While the majority does not reach the due process issues raised by Kyhn, I would also agree with the Veterans Court that Kyhn was not deprived of due process. Both the Board and the RO considered his claim for service connection for tinnitus, and Kyhn had the opportunity to submit evidence before both entities. Kyhn, after being notified by the RO in 2006 that he failed to attend the VA examination, did not respond that he had not been notified of the examination. Indeed, he did not offer any explanation for his failure to attend. Instead, in response to the RO’s denial of Kyhn’s claim after he failed to appear, Kyhn represented that he had no other information to substantiate his claim and that he did not contest the notice of the examination. Kyhn did not even dispute that the address the notice was mailed to was incorrect. Kyhn’s failure to take advantage of the opportunities at the VA and at the Board is thus not a deprivation of agency review. See Nat’l Classification Comm. v. United States, 779 F.2d 687, 695 (D.C.Cir.1985).
There is likewise no evidence that the Veterans Court denied Kyhn an opportunity to dispute the contents of the affidavits regarding the VA’s regular notification *581 procedure. Kyhn, in fact, did not dispute the accuracy of the affidavits at all in his supplemental briefing or offer any evidence to the contrary. Instead, he only opposed the propriety of the Board considering those affidavits. Again, Kyhn simply failed to take advantage of the opportunities afforded him and thus was not deprived of due process.
Finally, I recognize that in some circumstances the Veterans Court has remanded a case to the Board for limited fact-finding on non-jurisdictional notice issues. E.g., Mayfield v. Nicholson, 20 Vet.App. 98, 99 (2006) (remanding for a factual determination by the Board whether the notice given to the veteran was sufficient). However, in this case, where the evidence is only relevant to establish as a matter of law the regular procedure of the VA, not the merits of the actual notice in a given claim, requiring such a remand would only further delay the proceedings, needlessly churning the system to establish only the existence of a regular practice that would ultimately still be subject to de novo review by the Veterans Court under existing precedent.
To reverse would likely cause a remand to the Board to determine its own practice in the first instance. Because waiver is rare at the pro-claimant Veterans Court, a reversal could set a standard that newly raised defenses in the Veterans Court could repeatedly trigger remand to the Board and further delay resolution of proceedings. Judicial economy warrants against allowing such a wasteful process.
For the foregoing reasons, I respectfully dissent from the majority’s decision reversing and remanding the decision of the Veterans Court.