NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CAROLE EVANS, SUBSTITUTED FOR JAMES E. EVANS,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-1487

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-6676, Judge Joseph L. Toth.

---

Decided: April 12, 2022

---

CAROLE EVANS, Weiner, AR, pro se.

ASHLEY AKERS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, MARTIN F. HOCKEY, JR., PATRICIA M. MCCARTHY; CHRISTOPHER O. ADELOYE, BRIAN D. GRIFFIN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before CHEN, SCHALL, and STOLL, *Circuit Judges.*

PER CURIAM.

Appellant Carole Evans, substituting for her deceased spouse James E. Evans, appeals the decision of the Court of Appeals for Veterans Claims (Veterans Court) affirming a decision of the Board of Veterans' Appeals (Board) granting Mr. Evans an effective date of December 28, 2010[1] for service-connected coronary artery disease (CAD). The Veterans Court held that the Board did not clearly err in finding that the earliest CAD diagnosis occurred on the awarded effective date. The Veterans Court also found that the Board did not err in concluding that a 1969 submission of Department of Defense Form 664 did not constitute an application for benefits. On appeal, Mrs. Evans argues that the Veterans Court erred in both determinations. Because Mrs. Evans raises only factual disputes, we *dismiss* the appeal for lack of subject matter jurisdiction.

## BACKGROUND

Mr. Evans served on active duty in the United States Army from January 1968 to October 1969, during which he deployed to Vietnam. *Evans v. Wilkie*, No. 19-6676, 2020 WL 6734865, at \*1 (Vet. App. Nov. 17, 2020) (*Veterans Court Decision*). Upon separation, Mr. Evans signed Form 664, indicating that he had filed a claim for benefits with

---

[1] The Veterans Court and Board sometimes refer to an effective date of December 29, 2010. This appears to be a typographical error as the referenced document is dated December 28, 2010. For consistency, we use a corrected date of December 28, 2010. As the Government notes in its responsive brief, this difference of one day would not affect the award or calculation of benefits. Appellee's Br. 4 n.4 (citing 38 U.S.C. § 5111(a)).

the Department of Veterans Affairs (VA).  Appx. 30.[2]  The record does not indicate that he filed additional documents with the VA at or around that time.  Mr. Evans did, however, file a claim for benefits in September 2006 that the VA ultimately denied.  Appx. 8; Appx. 49.  In that filing, Mr. Evans identified CAD as one service-connected disability.  Appx. 54.  Only later, in August 2010, did the VA add CAD to the list of conditions presumed to be service-connected due to herbicide exposure.  38 C.F.R § 3.309(e).  In response, the VA awarded Mr. Evans benefits and assigned a ten-percent disability rating for CAD effective May 31, 2011, and a thirty-percent disability rating for CAD effective September 28, 2011.  *Veterans Court Decision*, at *1 n.1.

Mr. Evans continued to challenge the effective date in subsequent proceedings and, in 2019, Mr. Evans appealed the VA determinations to the Board.  *Id.* at *1.  The Board concluded that Mr. Evans was first diagnosed with CAD on December 28, 2010.  *Id.*; Appx. 8; Appx. 70–72.  Accordingly, the Board awarded Mr. Evans retroactive benefits to that date.  Appx. 6, 23–24.  Mr. Evans then appealed the Board's effective date determination to the Veterans Court, which affirmed.  *Veterans Court Decision*, at *1.  The Veterans Court found that the Board did not clearly err in awarding an effective date of December 28, 2010 "because, although the veteran filed a claim in 2006, there was no evidence of CAD at that time" and "entitlement to service connection [did not] arise until his disability manifested in 2010."  *Id.*  Similarly, the Veterans Court found that "[t]he Board did not err in its assessment that the checked block on the veteran's DA Form 664 did not constitute a claim or otherwise suffice to demonstrate that a claim existed."  *Id.* at *2.  This appeal followed.

---

[2]    All Appx. citations refer to the appendix filed concurrently with Appellant's brief.

On appeal, Mrs. Evans, substituting for her deceased spouse, argues that Mr. Evans was entitled to an earlier effective date of October 4, 1969, the date of his separation. Appellant's Br. 5, 11. The Veterans Court, Mrs. Evans argued, erred by "interpreting [the] October 4, 1969 submission as not filing a claim for VA Benefits" and "determin[ing] that Claimant-Appellant's CAD was not disabling prior to December 2[8], 2010." *Id.* at 5–6, 12. Mrs. Evans also argues that the VA failed to fulfill its "Duty to Assist" between 1969 and 2006, resulting in delay and an incomplete record. *Id.* at 10–13.

## DISCUSSION

Our authority to review decisions of the Veterans Court is limited by statute. *Goodman v. Shulkin*, 870 F.3d 1383, 1385 (Fed. Cir. 2017). While we have jurisdiction to "review the legal determinations of the Veterans Court," we "may not review the Veterans Court's factual findings or its application of law to facts absent a constitutional issue." *Singleton v. Shinseki*, 659 F.3d 1332, 1334 (Fed. Cir. 2011); *see also* 38 U.S.C. § 7292. Accordingly, where an appeal challenges factual determinations by the Veterans Court, we lack subject matter jurisdiction and dismissal is required.

Mrs. Evans identifies two errors in the Veterans Court decision: (1) the effective date of Mr. Evans's CAD disability, and (2) whether Form 664 constitutes the filing of a claim with the VA. We have consistently treated both questions as issues of fact not subject to our review. For example, in *Butler v. Shinseki* we held that "when a disability was claimed or service connection established" are questions of fact "not subject to our review." 603 F.3d 922, 926 (Fed. Cir. 2010); *see also Echevarria-North v. Shinseki*, 437 F. App'x 941, 945 ("The Board's determination of an effective filing date is a finding of fact that the Veterans Court reviews for clear error, and it is a factual determination that is unreviewable by this court." (citing *Butler*, 603

F.3d at 926)).  There, like here, the appellant sought an earlier effective date than the date granted by the Board and subsequently affirmed by the Veterans Court.  *Butler*, 603 F.3d at 925.  Similarly, we have found that "the determination as to whether evidence of record establishes that the claimant filed a claim for benefits" is a factual determination outside of this court's jurisdiction.  *Harris v. Shinseki*, 704 F.3d 946, 948 (Fed. Cir. 2013); *see also Bonner v. Nicholson*, 497 F.3d 1323, 1328 (Fed. Cir. 2007) (finding that the interpretation of the scope of an earlier claim "is essentially a factual inquiry . . . beyond our jurisdiction").  While Mrs. Evans asserts that "[t]he issues on appeal are entirely issues of law," Appellant's Br. 1, this appeal does not present a "challenge to the validity of any statute or regulation or any interpretation thereof" nor any constitutional question subject to our review, 38 U.S.C. § 7292.

Mrs. Evans's arguments that the VA failed to fulfill its "duty to assist" Mr. Evans in filing and substantiating his claim depend on the unreviewable factual determination that Mr. Evans did not file a claim on October 4, 1969.  Appellant's Br. 13; *see also Sellers v. Wilkie*, 965 F.3d 1328, 1338 (Fed. Cir. 2020) (explaining that the "duty to assist begins upon receipt of a formal [or informal] claim that identifies the medical condition for which benefits are sought").  Accordingly, we cannot address that issue.

## CONCLUSION

We have considered Mrs. Evans's remaining arguments and do not find them persuasive.  For the foregoing reasons, we dismiss the appeal for lack of subject matter jurisdiction.

## DISMISSED

### COSTS

No costs.