NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN R. GILLILAN,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-2254

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-8325, Judge Joseph L. Falvey, Jr.

---

Decided: May 10, 2022

---

JOHN R. GILLILAN, Reno, NV, pro se.

VIJAYA SURAMPUDI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, ERIC P. BRUSKIN, PATRICIA M. MCCARTHY; AMANDA BLACKMON, BRIAN D. GRIFFIN, Y. KEN LEE, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, TARANTO, and CHEN, *Circuit Judges*.

PER CURIAM.

John R. Gillilan appeals the decision of the Court of Appeals for Veterans Claims (Veterans Court) affirming a decision by the Board of Veterans' Appeals (Board) denying Mr. Gillilan an effective date before March 20, 2016 for a total disability rating based on individual unemployability (TDIU) and denying Mr. Gillilan's request that recoupment of a Federal Tort Claims Act (FTCA) settlement under 38 U.S.C. § 1151 not include amounts Mr. Gillilan paid in attorneys' fees and be recouped by withholding only a portion of his monthly benefits.  On appeal, Mr. Gillilan argues that the Veterans Court erred in affirming the Board's decision.  For the reasons below, we *dismiss* the appeal for lack of subject matter jurisdiction.

## BACKGROUND

Mr. Gillilan served in the California National Guard with a period of active-duty training from August to December 1964.  SAppx. 7; *see also* SAppx. 64.[1]  In March 2010, he underwent a lumbar spine fusion procedure at a U.S. Department of Veterans Affairs (VA) medical facility that resulted in a permanent and debilitating nerve injury to his left lumbar spine, left leg, and left foot.  SAppx. 81–83.  Mr. Gillilan filed a claim under the FTCA seeking damages for his injuries, *id.*, and in March 2016, he agreed to settle those claims in the amount of $110,000, SAppx. 75–80.

After settling his FTCA claim, Mr. Gillilan filed a claim under 38 U.S.C. § 1151 on March 30, 2016 for multiple

---

[1]    All SAppx. citations refer to the supplemental appendix filed concurrently with Appellee's brief.

disabilities caused by the March 2010 surgery. SAppx. 70–73. In November 2016, the VA awarded him § 1151 benefits for his lower extremity injuries and special monthly compensation for the loss of use of one foot, both effective March 30, 2016. SAppx. 64. In early 2017, the VA informed Mr. Gillilan that, in view of the payment he already received for his now-settled FTCA claim, the VA would recoup his FTCA settlement payment from his VA disability compensation pursuant to 38 U.S.C. § 1151(b)(1). SAppx. 59.

Mr. Gillilan responded in November 2017 with a Notice of Disagreement, arguing that the recoupment should exclude any attorneys' fees and requesting that the VA only withhold a portion of his monthly disability benefits. SAppx. 41. The VA disagreed, finding that it was not authorized to exclude attorneys' fees or withhold only a portion of his monthly benefits payments. SAppx. 37–40.

Mr. Gillilan also separately filed a TDIU claim in January 2017. SAppx. 62–63. The VA awarded Mr. Gillilan TDIU benefits effective July 3, 2017, the date the VA found Mr. Gillilan became unable to perform physical and sedentary employment. SAppx. 32. Mr. Gillilan challenged the decision. He argued for an effective date of January 3, 2017, the date he filed his claim, and noted that he had been unable to work since the March 2010 surgery. SAppx. 29–30.

Mr. Gillilan appealed the recoupment and TDIU decisions to the Board. The Board found that Mr. Gillilan was entitled to a TDIU effective date of March 30, 2016, the date he filed his original claim for disability compensation. SAppx. 22–24. The Board denied his requests to offset recoupment to account for attorneys' fees and to withhold only a portion of his monthly disability payment. SAppx. 24–26.

Mr. Gillilan then appealed to the Veterans Court. *Gillilan v. McDonough*, No. 19-8325, 2021 WL 1884068 (Vet.

App. May 11, 2021) (*Veterans Court Decision*). The court held that because Mr. Gillilan had not filed a claim for VA benefits prior to March 30, 2016, that was the earliest effective date for TDIU benefits under § 5110 and 38 C.F.R. § 3.400. *Id.* at *4–5. The court also affirmed the Board's denial of Mr. Gillilan's request not to recoup attorneys' fees and to withhold only a portion of the monthly benefits because the governing provisions provide no such exceptions and the court lacked authority to grant equitable relief. *Id.* at *5–6.

In May 2021, Mr. Gillilan filed a motion for panel reconsideration, SAppx. 4–5, that the Veterans Court granted, SAppx. 2. On July 14, 2021, a three-judge panel adopted the Veterans Court Decision. SAppx. 3. Mr. Gillilan timely appealed to this court.

## DISCUSSION

Our authority to review decisions of the Veterans Court is limited by statute. *Goodman v. Shulkin*, 870 F.3d 1383, 1385 (Fed. Cir. 2017). We have jurisdiction to review the Veterans Court's decision on the validity or interpretation of a statute or regulation. 38 U.S.C. § 7292. However, we "may not review the Veterans Court's factual findings or its application of law to facts absent a constitutional issue." *Singleton v. Shinseki*, 659 F.3d 1332, 1334 (Fed. Cir. 2011); *see also* 38 U.S.C. § 7292. Accordingly, where an appeal challenges factual determinations by the Veterans Court, we lack subject matter jurisdiction and dismissal is required.

Mr. Gillilan presents two issues on appeal. First, he argues that the Veterans Court erred by interpreting 38 C.F.R. § 3.400 to require the effective date to be the date his claim was first filed rather than the date his entitlement arose, and thus he is entitled to an effective date of March 19, 2010. Appellant's Br. at 1–3. Although Mr. Gillilan frames the issue as involving a challenge to the Veterans Court's interpretation of a regulation, the Veterans

Court did not elaborate on the meaning of § 3.400 in deciding Mr. Gillilan's claim. *Veterans Court Decision*, at \*4; *see Graves v. Principi*, 294 F.3d 1350, 1354 (Fed. Cir. 2002) (explaining that "issues of interpretation" are implicated "if the Veterans Court elaborated the meaning of a statute or regulation and the decision depending on that interpretation" (cleaned up)). The Veterans Court simply applied § 3.400 to determine the effective date of Mr. Gillilan's benefits. *Veterans Court Decision*, at \*4. This is a factual determination not subject to our review. *See, e.g., Butler v. Shinseki*, 603 F.3d 922, 926 (Fed. Cir. 2010) (holding that "when a disability was claimed or service connection established" are questions of fact "not subject to our review"); *see also Echevarria-North v. Shinseki*, 437 F. App'x 941, 945 ("The Board's determination of an effective filing date is a finding of fact that the Veterans Court reviews for clear error, and it is a factual determination that is unreviewable by this court."). We thus have no jurisdiction over Mr. Gillilan's claim that he is entitled to an earlier effective date.

Nor do we have jurisdiction over Mr. Gillilan's second claim that recoupment of his FTCA settlement is an unfair practice that violates the United States Constitution. Appellant's Br. at 2 (asserting that recoupment is a "double standard practice"); *see also* Appellant's Memorandum in lieu of Oral Argument at 1. We are unpersuaded that the Veterans Court's decision involves a constitutional issue. Mr. Gillilan has not identified a constitutional issue, nor can we discern one. *See Helfer v. West*, 174 F.3d 1332, 1335 (Fed. Cir. 1999) ("[An appellant's] characterization of [a] question as constitutional in nature does not confer upon us jurisdiction that we otherwise lack.").

## CONCLUSION

We have considered Mr. Gillilan's remaining arguments and do not find them persuasive. For the foregoing reasons, we dismiss the appeal for lack of subject matter jurisdiction.

## DISMISSED

COSTS

No costs.