NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SANDRA O'BANION,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-2069

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-1090, Judge Scott Laurer.

---

Decided: May 22, 2025

---

J. BRYAN JONES, III, J B Jones III LLC, Lafayette, LA, for claimant-appellant.

STEVEN MICHAEL MAGER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY; BRIAN D. GRIFFIN, BENJAMIN ISAAC HERSKOVITZ, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before REYNA, CUNNINGHAM, and STARK, *Circuit Judges*.

REYNA, *Circuit Judge*.

Sandra O'Banion appeals from a final decision of the U.S. Court of Appeals for Veterans Claims denying an earlier effective date for service-connected lung cancer. For the reasons set forth below, we *affirm*.

## BACKGROUND

The appellant, Sandra O'Banion, is the surviving spouse of United States Marine Corps Veteran Bob J. O'Banion (the "veteran"). Appx1.[1] The veteran served on active duty from January 1968 to January 1972. Appx9. In July 2003, the veteran was diagnosed with lung cancer. Appx10.

On April 15, 2005, the veteran filed an "informal claim" for disability compensation for cancer with the U.S. Department of Veterans Affairs ("VA").[2] Appx15–18; Appx8. On April 23, 2005, the VA responded via letter that the veteran had to "[c]omplete and return the enclosed . . . VA Form 21-526." Appx19. The VA listed "VA Form 21-526" under "Enclosures" at the end of the letter. Appx22. According to Ms. O'Banion, the VA did not enclose VA Form 21-526 with this letter. Appellant Br. 2.

———————————

[1]   "Appx" refers to the "Corrected Appendix" submitted by appellant.

[2]   Effective March 24, 2015, the VA amended its regulations to require that all claims be filed on a standard form, and, thus, the VA did away with the divide between informal and formal claims. Appx 11. These amendments apply only to claims filed on or after March 24, 2015. *Id.* Because the veteran's claim was received by the VA prior to March 24, 2015, the former regulations apply here. *Id.*

In June 2007, the veteran submitted his completed VA Form 21-526, i.e., his "formal claim." Appx2. In October 2007, the VA regional office ("RO") issued a rating decision granting service connection for lung cancer with an effective date of June 7, 2007. *Id.* In June 2008, the veteran sought an earlier effective date of April 15, 2005, the date of his informal claim. *Id.*; Appx9. In August 2008, the veteran passed away, at which point, Ms. O'Banion took over his claim as the surviving spouse for accrued benefits purposes. Appx9.

In March 2019, after several years of delay for reasons not clear in this record, the RO denied an earlier effective date. Appx2. Ms. O'Banion appealed to the Board of Veterans' Appeals (the "Board"). Appx8–14. The Board denied her request for an earlier effective date, explaining that the then-governing regulations allowed for an earlier effective date based on an informal claim so long as the formal claim was filed no later than one year after the informal claim. Appx10–11. The Board explained that the June 7, 2007, formal claim was filed more than one year after the April 15, 2005 informal claim and thus, Ms. O'Banion was not entitled to an April 15, 2005 effective date. Appx11.

Ms. O'Banion appealed to the U.S. Court of Appeals for Veterans Claims ("Veterans Court"). Appx1. Ms. O'Banion argued that the veteran did not complete a formal claim within one year of his informal claim because the VA failed to send him the VA Form 21-526 with the April 23, 2005 letter. Appx3–4. Ms. O'Banion argued that the date of the informal claim is therefore the appropriate effective date. Appx4. The government argued that the presumption of regularity applied, such that the VA was presumed to have sent the veteran the VA Form 21-526 with the April 23,

2005 letter, and that Ms. O'Banion failed to rebut the presumption.[3] *Id.*

Ms. O'Banion responded that the presumption is not applicable here, or alternatively, assuming the presumption applied, she sufficiently rebutted it. Appx5–6. Ms. O'Banion argued that she presented evidence of nonreceipt, namely that the veteran's claims file with the agency contains the April 23, 2005 letter, but does not contain a blank VA Form 21-526. Appx5. Thus, according to Ms. O'Banion, the claims file is evidence of irregularity that rebuts the presumption. Appx5–6.

The Veterans Court affirmed the Board's decision. Appx7. The Veterans Court reasoned that the presumption applied and that *Kyhn v. Shinseki*, 716 F.3d 572 (Fed. Cir. 2014), a case Ms. O'Banion relied on, was inapplicable. Appx5. The Veterans Court also determined that the absence of the VA Form 21-526 in the veteran's claims file was insufficient evidence to rebut the presumption of regularity. Appx6–7. In so deciding, the Veterans Court took judicial notice of the VA Adjudications Procedures Manual, M21-1 ("M21-1 Manual"), which noted the VA's practice of affirmatively not including blank forms in veterans' claims files. Appx6. Thus, according to the Veterans Court, Ms. O'Banion failed to rebut the presumption of regularity "either through additional evidence or by showing a clear irregularity in the record [.]" Appx7.

Ms. O'Banion appeals. We have jurisdiction pursuant to 38 U.S.C. § 7292(c).

---

[3]    "The presumption of regularity provides that, in the absence of clear evidence to the contrary, the court will presume that public officers have properly discharged their official duties." *Miley v. Principi*, 366 F.3d 1343, 1347 (Fed. Cir. 2004).

DISCUSSION

I.

We have limited appellate jurisdiction over appeals from the Veterans Court. *Sullivan v. McDonald*, 815 F.3d 786, 788–89 (Fed. Cir. 2016). This court may review legal questions, including the validity of any statute or regulation or any interpretation thereof. 38 U.S.C. § 7292(c). This court may not, however, review factual determinations or the application of law to fact, except to the extent an appeal presents a constitutional issue. *Id.* § 7292(d)(2).

II.

Ms. O'Banion argues that the Veterans Court ran afoul of *Kyhn* by (1) misapplying the presumption of regularity and (2) improperly taking judicial notice of the M21-1 Manual.[4] We address each argument in turn.

A.

Ms. O'Banion argues that under *Kyhn*, the presumption of regularity does not apply here because the VA is not legally required to exclude blank forms from a veteran's claims file. Appellant Br. 9. Ms. O'Banion, however, misreads *Kyhn* and misunderstands the agency action subject to the presumption.

---

[4] To the extent that Ms. O'Banion argues that she sufficiently rebutted the presumption of regularity, we decline to address this argument, which falls outside of our jurisdiction. *See Echevarria-N. v. Shinseki*, 437 F. App'x 941, 946 (Fed. Cir. 2011) ("Whether specific evidence of an agency's normal course of business is sufficient to trigger the presumption of regularity is a factual determination beyond our jurisdiction.").

In *Kyhn,* the Veterans Court erred when it improperly found a fact in the first instance, an error which tainted its application of the presumption of regularity. 716 F.3d 572, 577–78 (Fed. Cir. 2013). There, the veteran argued for the first time on appeal to the Veterans Court that he had not received notice from the VA about a scheduled VA medical examination. *Id.* at 574. To determine whether the presumption of regularity applied, the Veterans Court ordered the VA to provide the court with information concerning the process by which the VA notified veterans of scheduled examinations. *Id.* at 574. The VA then submitted two affidavits of VA employees. *Id.* Relying on this evidence, the Veterans Court found in the first instance that the VA had a regular practice of providing veterans with notice and then applied the presumption of regularity. *Id.*

We concluded that the Veterans Court's fact finding in the first instance exceeded its jurisdiction to review decisions of the Board based on the record before the Board. *Id.* at 578. Notably, we distinguished *Kyhn* from cases where the Veterans Court properly applied the presumption, such as "instances where the presumption of regularity was premised upon independent legal authority" rather than on inappropriately found facts. *Id.* at 577.

Unlike in *Kyhn,* the Veterans Court did not premise the presumption of regularity on any improperly found facts. Rather, the Veterans Court noted that the VA had an undisputed legal duty under 38 U.S.C. § 5102(a) to provide the veteran with VA Form 21-526 when the veteran filed an informal claim. Appx5 & n.42. Based on this legal duty, the Veterans Court concluded that the presumption of regularity applied. *Id.* We see no legal error in this analysis.

Additionally, Ms. O'Banion confuses the agency action subject to the presumption of regularity. She argues that the relevant agency action is whether the VA has a practice of leaving out blank VA forms in veterans' claim files. Appellant Br. 9. However, as discussed, the agency action at

issue for purposes of the presumption is whether the VA
has a duty to send a veteran VA Form 21-526 following re-
ceipt of an informal claim. And as previously noted, the VA
had such a duty. *See* Appx5; *see also* 38 U.S.C. § 5102(a).

In sum, the Veterans Court did not err in presuming
that the VA sent VA Form 21-526 with the April 23, 2005
letter.

B.

Ms. O'Banion argues that under *Kyhn*, the Veterans
Court erred in taking judicial notice of the M21-1 Manual
because it is not a publicly available rule or regulation but
rather a "guidance manu[al] for VA employees." Appellant
Br. 8. Ms. O'Banion's argument fails.

Generally, the Veterans Court may not consider extra-
record evidence. *Kyhn*, 716 F.3d at 576. One exception is
for evidence that is "generally known" or "from sources
whose accuracy cannot reasonably be questioned." *Id.*
(quoting Fed. R. Evid. 201); *id.* at 576 n.5; *see also Euzebio
v. McDonough*, 989 F.3d 1305, 1323 (Fed. Cir. 2021) (quot-
ing *Kyhn*, 716 F.3d at 576). Thus, in *Kyhn*, we concluded
that the Veterans Court erred in taking judicial notice of
two affidavits that were from sources not generally known
and whose accuracy could be reasonably questioned. *Kyhn*,
716 F.3d at 576–77. By contrast, in *Euzebio*, we noted that
the Veterans Court may take judicial notice of agency man-
uals when the facts contained therein are not subject to
reasonable dispute. 989 F.3d at 1323 n.9

Here, the Veterans Court did not legally err in taking
judicial notice of the M21-1 Manual. The Veterans Court
applied the correct legal standard. Appx6 (citing *Kyhn*, 716
F.3d at 575–76; *Euzebio,* 989 F.3d at 1323). And like the
agency manuals in *Euzebio*, the M21-1 Manual is evidence
that is appropriately subject to judicial notice. *Euzebio*,
989 F.3d at 1323 n.9. That the M21-1 Manual is allegedly
non-binding and just guidance material is not dispositive.

In sum, the Veterans Court did not err when taking judicial notice of the M21-1 Manual.

CONCLUSION

We have considered Ms. O'Banion's remaining arguments and find them unpersuasive. For the reasons discussed above, we *affirm* the Veterans Court's decision.

**AFFIRMED**